ALFRED S. HUBBELL, Trustee, etc., Appellant, *v.* CHARLES MOULSON et al., Respondents.

In the absence of an agreement between the parties, the receipt of rents and profits from mortgaged premises by a mortgagee in possession, to an amount sufficient to satisfy the mortgage, is not a legal satisfaction thereof. The mortgagor must resort to an accounting in equity in order to have such receipts so applied; and until they are applied in satisfaction by a judgment of the court, the character of the mortgagee as mortgagee in possession is not divested, and ejectment cannot be maintained against him or his grantee.

(Argued May 7, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of defendants, entered upon an order denying motion for a new trial, and directing a judgment on verdict.

This action was ejectment to recover possession of the undivided half of a lot of land situate in Brighton, Monroe county.

The facts appear sufficiently in the opinion.

The court directed a verdict in favor of defendants, which was rendered accordingly. Exceptions were ordered heard in the first instance at General Term.

*Francis Kernan* for the appellant. Payment of the mortgage or tender of the amount due discharges the lien of a mortgagee. (3 R. S., 3d ed., 599, 850; 4 Kent's Com., 11th ed., 169, note 4; *Edwards* v. *Farmers' Ins. Co.*, 21 Wend., 467; S. C. in error, 26 id., 541; *Arnott* v. *Post*, 6 Hill, 65; *Kortright* v. *Cady*, 21 N. Y., 343; *Waring* v. *Smith*, 2 Barb. Ch., 119, 135.) After payment or tender of the amount due an action of ejectment will lie. (21 Wend., 467; 26 id., 541; 6 Hill, 65.)

*W. F. Cogswell* for the respondents. Defendants were mortgagees in possession, and an action of ejectment could not be maintained against them. (*Van Duyne* v. *Thayer*, 14 Wend., 233; *Phyfe* v. *Reiley*, 15 id., 248; *Chase* v. *Peck*, 21 N. Y., 581; *Hubbell et al.* v. *Sibley*, MS.)

ANDREWS, J. The plaintiffs claim title under Alfred Hubbell, the mortgagor, to the undivided half of premises mortgaged by him to Hiram Sibley, December 1, 1846, to secure the payment of $7,000. The action is ejectment, and it was necessary for the plaintiffs, in order to recover under their complaint, to show that they were entitled, as against the defendants, to the possession of the premises at the time of the commencement of the action. The defendants are the grantees of Sibley, the mortgagee, under a deed dated June 7, 1849, and are in possession, claiming under that deed. They stand, by reason of that conveyance, in privity with the mortgagee, and their right to the possession is the right of the mortgagee, and the right of the plaintiffs depends upon the same principles as if Sibley was in possession and the action had been brought against him. (*Jackson* v. *Mueller*, 10 J. R., 479; *Jackson* v. *Bowen*, 7 Cow., 13; *Robinson*

v. *Ryan*, 25 N. Y., 320.) The plaintiffs on the trial offered to prove that the mortgage debt had been paid by the receipt by Sibley, before the commencement of the action, of rents and profits from the land sufficient to satisfy it. The evidence was excluded. If the mortgage was in law subsisting and unsatisfied when the action was commenced, then it cannot be maintained, as the authorities are decisive that ejectment will not lie by a mortgagor against a mortgagee in possession. (*Van Duyne* v. *Thayre*, 14 Wend., 233; *Phyfe* v. *Riley*, 15 Wend., 248; *Pell* v. *Ulmar*, 18 N. Y., 139.) Leaving out of view the alleged title under the statute foreclosure, the question arises, whether the receipt by a mortgagee in possession of rents and profits, sufficient to satisfy the mortgage debt, does *ipso facto* extinguish it and discharge the lien of the mortgage. If it does not, then the evidence was properly excluded. If admitted, it would not have shown a right in the plaintiffs to the possession of the premises when the action was brought.

It is the settled doctrine in this State that a mortgagee has by virtue of his mortgage a lien only, and not an estate in the land mortgaged. (*Runyan* v. *Mersereau*, 11 J. R., 537; *Jackson* v. *Craft*, 18 id., 110; *Jackson* v. *Bronson*, 19 id., 325; *Kortright* v. *Cady*, 21 N. Y., 343; *Stoddard* v. *Hart*, 23 id., 560.) In harmony with this view it was held in *Kortright* v. *Cady* that a tender of the mortgage debt after it became due discharged the lien of the mortgage and prevented a subsequent foreclosure. And it was held in *Edwards* v. *The Firemen's Fire Ins. and Loan Co.* (21 Wend., 467; 26 id., 541) that upon a tender after default by a mortgagor of the mortgage debt, ejectment would lie in his favor upon the refusal of the mortgagee to surrender the possession. But while no title in a strict sense vests in the mortgagee of land until foreclosure, yet his interest is in some cases treated and regarded as a title, for the purpose of protecting and enforcing the equities between parties. An instance of this is found in *Mickles* v. *Townsend* (18 N. Y., 575), where it was so held for the purpose of applying the doctrine of estoppel by deed against a person claiming

as assignee of a mortgage, which existed at the time of his prior conveyance of the mortgaged premises with warranty, but which was assigned to him afterward. And in *Van Duyne* v. *Thayre* (19 Wend., 162) the release of the equity of redemption by the mortgagor to the mortgagee was held to inure as an enlargement of the estate of the mortgagee so as to prevent the plaintiff's recovering dower at law, in disregard of the equity of the defendant to have the mortgage first satisfied out of the land. (COWEN, J., 21 Wend., 485.)

It is easy to see that where the English doctrine prevails, that the mortgage conveys a legal title to the mortgaged premises, the right of the mortgagor to an account of the rents and profits of the land received by the mortgagee is purely and exclusively of equitable cognizance. At law, the mortgagee is the owner of the estate, and takes the rents and profits in that character. In equity, the mortgagor is regarded as the owner until foreclosure, and his right to an account is incident to his right of redemption. (2 Wash. on Real Property, 161, 205; *Seaver* v. *Durant*, 39 Vt., 103; *Parson* v. *Welles*, 17 Mass., 419.) But the necessity to resort to an accounting in equity, in order to have the rents and profits applied to the satisfaction of the mortgage, is not obviated by the fact that here the mortgagor retains the legal title. The mortgagee in possession takes the rents and profits in the *quasi* character of trustee or bailiff of the mortgagor. (2 Pow. on Mort., 946, *a;* 2 Wash., 205.) They are applied in equity as an equitable set-off to the amount due on the mortgage debt. (*Ruckman* v. *Astor*, 9 Paige, 517.) The law does not apply them as received to the payment of the mortgage. It depends upon the result of an accounting upon equitable principles, whether any part of the rents and profits received shall be so applied. The mortgagee is entitled to have them applied, in the first instance, to reimburse him for taxes and necessary repairs made upon the premises; for sums paid by him upon prior incumbrances upon the estate, in order to protect the title, and for costs in defending it; and if he has made permanent improvements upon the land, in the belief

that he was the absolute owner, the increased value by reason thereof may be allowed him. So he may be charged with rents and profits he might have received, if his failure to recover them is attributable to his fraud or willful default. (2 Powell on Mort., 957, note; 4 Kent, 185; 2 Wash., 218; *Cameron* v. *Irwin*, 5 Hill, 272; *Mickles* v. *Dillaye*, 17 N. Y., 80.) In many cases complicated equities must be determined and adjusted before it can be ascertained what part, if any, of the rents and profits received is to be applied upon the mortgage debt. In the absence of an agreement between the parties there is no legal satisfaction of the mortgage by the receipt of rents and profits by a mortgagee in possession to an amount sufficient to satisfy it, and his character as mortgagee in possession is not divested until they are applied by the judgment of the court in satisfaction of the mortgage. These considerations lead to an affirmance of the judgment without considering the question of the validity of the statute foreclosure.

The plaintiff's claim to recover upon the allegation of a right to the possession of the premises when the action was commenced. The defendants were in possession, claiming under the mortgagee, whose mortgage was outstanding and unsatisfied. The action is not for a redemption or for an accounting, and the plaintiffs are not in the attitude of resisting an attempt by the mortgagee to enforce the mortgage.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.