ELIZA C. HOLLENBECK AND OTHERS, RESPONDENTS, *v.*
BARNARD DONELL AND OTHERS, APPELLANTS.

*Receiver — the court may appoint one to receive rents and profits in a foreclosure
action — Code of Civil Procedure, sec. 713.*

Where an action has been commenced to foreclose a mortgage the court has
power, under section 713 of the Code of Civil Procedure, to appoint a receiver
of the rents and profits of the mortgaged premises, when it appears that the
premises are an inadequate security for the amount due and are deteriorating
in value and that the mortgagor is insolvent.

The mortgagee has an "interest in" the rents and profits of the mortgaged
premises, within the meaning of that term as used in the first subdivision of
the said section.

APPEAL from an order of the Onondaga Special Term appointing
a receiver of the rents and profits of the mortgaged premises
described in the complaint in this action, excepting two acres
thereof conveyed to Sylvanus Snell.

*Franklin Pierce*, for the appellants.

*Lansing & Lyman*, for the respondents.

HARDIN, J.:

Appellants' counsel contends that "the Code of Civil Procedure
contains no provision which authorizes the appointment of a receiver
in such a case, because of the inadequacy of the security and insolv-
ency of the mortgagor."

We are of the opinion that section 713 of the Code of Civil
Procedure confers power upon the court to appoint a receiver in
such a case. It expressly declares a receiver "may be appointed by
the court   *   *   *   before final judgment on the application
of a party who establishes an apparent right to or interest in the
property when it is in possession of an adverse party and there is
danger that it will be   *   *   *   lost, materially injured or
destroyed."

In the latter portion of the section is found, viz., "the word
'property' *includes* the rents, profits or other income and the
increase of real or personal property." It appears that the mort-
gaged premises are in the possession of the defendant Donell, the

mortgagor. It appears that the plaintiffs have an apparent right to have the property, including the rents and profits, to the extent needed to pay their mortgage. It appears that they have an "*interest* in the property," including the rents and profits, and that such rents and profits are in the possession of the defendant, and that they may be lost or materially injured or destroyed unless a receiver takes possession thereof pending the proceedings to foreclose the mortgage. The section applies to such a case. That it should so apply is made clear by the language, and the note of Mr. Throop sheds light upon the intent of the codifiers, and that light leads in the direction we have already taken in the interpretation of the statute. In this State the mortgagor retains the title to the land, to the rents and profits, until the same is cut off by a foreclosure. (*Hubbell* v. *Moulson*, 53 N. Y., 228.) However, prior to the actual sale in foreclosure by virtue of the mortgage the mortgagee has an *interest* "in the land and to the rents, issues and profits thereof so far as is necessary to secure and satisfy the mortgage debt, and the use of the words 'interest in' may be apt to express the right of the mortgagee in the premises and the rents and profits; and we are told by Mr. Throop's note that the words 'or interest' have been inserted in subdivision 1, lest the words 'an apparent right' might be construed to mean an exclusive right and exclude mortgage and partnership cases," etc.

It had been held in many cases before the section was adopted that the legal estate in the land and in the rents was in the mortgagor, and that the mortgagee had only an interest in, or an equitable title to, the lands and profits to the extent needed to satisfy the mortgage debt. (*Packer* v. *The R. and S. R. R. Co.* 17 N. Y., 295; *Kortright* v. *Cady*, 21 id., 366; *Hubbell* v. *Moulson, supra;* *Syracuse City Bank* v. *Tallman*, 31 Barb., 201; *Sherman* v. *Willett*, 42 N. Y., 146; *Trimm* v. *Marsh*, 54 id., 599.) The legislature in the light of these cases, used the language we have quoted, and thereby conferred a power upon the court to appoint a receiver in cases where the property was an inadequate security and the mortgagor was insolvent, and the law has been and remains such that the court has ample power to appoint a receiver *pendente lite*. (*Nealis* v. *Bussing*, 10 Weekly Dig., 289; *Meigs* v. *Davis*, 8 id., 381; *Smith* v. *Tiffany*, 13 Hun, 671; *Rider* v. *Bagley*, 84 N. Y., 461.) And when such a receiver

is appointed, he acquires a specific lien upon the rents and profits which may be enforced through the instrumentality of the receivership by the courts. (*Ranney* v. *Peyser*, 83 N. Y., 1, 7.) Upon the proofs before the Special Term, in the exercise of its discretion it was held that a proper case had been made for the appointment of a receiver. While we may review the discretion there exercised, we find upon looking into the proofs that there was evidence that the debt was inadequately secured, and that the mortgagor had defaulted in the payment of interest, had received money paid for buildings burned from the mortgaged premises and failed to apply it upon the mortgage debt, and that the property was deteriorating.

Notwithstanding some of these facts were disputed, we are satisfied with the direction in which the discretion of the Special Term went, and believe it to be our duty to uphold the order appointing a receiver. (*Smith* v. *Tiffany*, *supra*.)

SMITH, P. J., and HAIGHT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.