ANGIE F. MILLS, AS ADMINISTRATRIX, ETC., OF THEODORE G. MILLS, DECEASED, RESPONDENT, *v.* HIRAM P. MILLS, APPELLANT.

*When a creditor, holding lands of his debtor under a deed, will be treated as a mortgagee — the statute of limitations cannot be pleaded by him in an action to compel him to account for money received from the sales of the land, made by him—no provision exists for excluding from the operation of the statute of limitations, any time following the death of the debtor, except that contained in section 402 of the Code of Civil Procedure.*

On January 10. 1864, the plaintiff's intestate, being indebted to the defendant in the sum of $3,484.63, gave his note for that amount and entered into an agreement, reciting such indebtedness, by which the defendant agreed that on payment of the note, and any sums he should loan or advance to the intestate, together with all costs, expenses, taxes and insurance which he, the defendant, might pay

or incur in looking after and taking care of certain lands situate in the States of Ohio and Illinois, which had been conveyed to him by the plaintiff's intestate, he would reconvey the said lands to the said intestate. In 1867 the intestate became insane, and remained in that condition until February, 1871, when he died. The defendant continued to make advances to him up to the time of his death. During this period, and until December, 1872, the defendant received, from time to time, the proceeds of the sale of certain of such lands which he conveyed to purchasers which proceeds of sale exceeded the amount of his claim by the sum of $5,137.50. This action, which was commenced on July 4, 1881, by the plaintiff to recover this sum, with interest, was defended upon the ground that the right of action was barred by the statute of limitations.

*Held*, that as the defendant was a mortgagee, and the moneys received by him came from the lands as rents and proceeds of sales of the mortgaged property, he must, until he assumed in some manner to place himself in antagonism to such relation, be deemed to hold them, as trustee, in such a manner as to deny to him the right to effectually allege the statute of limitations as a bar to relief, because his relation of mortgagee still continued, and as such he received the proceeds of the sale as a substitute for the property.

*It seems*, that, if the liability of the defendant might properly have been the subject of an action at law, and that this should be treated as such an action, the conclusion might follow that the money in question was received by the defendant in a fiduciary capacity, which might bring the case within the provision of section 410 of the Code of Civil Procedure and give effect, in support of the recovery, to the fact found by the referee that the plaintiff had no actual knowledge of the facts found upon which the right of action depended, and that demand was made of the defendant in 1880.

*It seems*, that since the repeal, by chapter 245 of 1880, of section 9 of 2 Revised Statutes, page 448, providing that the time between the death of a person and the granting of letters testamentary or of administration, not exceeding six months, and the period of six months thereafter, should not be deemed any part of the time limited for the commencement of actions by executors or administrators, there is no provision, excluding from the operation of the statute of limitations any time following the death of a person, applicable to an action brought by his representatives, except that contained in section 402 of the Code of Civil Procedure, which saves the right of action from the bar of the limitation within one year after such death.

*It seems*, that the disability of the intestate prevented the statute from running prior to the death of the intestate.

APPEAL from a judgment in favor of the plaintiff, entered in Livingston county on the report of a referee.

In this action, which was brought for an accounting, it appeared that some time prior to January 10, 1864, the plaintiff's intestate had made deeds to the defendant of certain lands situate in the States of Ohio and Illinois, and the defendant had loaned to him money;

that on that day Theodore G. Mills was indebted to the defendant in the sum of $3,434.63, for which he gave his note, and they then entered into an agreement reciting such indebtedness. And the defendant agreed that on payment of the note and any sums he should loan or advance to Theodore G. Mills, together with all costs, expenses, taxes, insurance, etc., he might pay or incur in looking after and taking care of the lands, he would convey them to him; that the defendant continued to make advances to him until May 1, 1867, when there was due to the defendant $7,617.67; that in November following, the plaintiff's intestate became insane and remained in that condition and unable by reason of it to transact any business until his death, in February, 1871; that after the intestate became so afflicted and during his life, the defendant advanced and paid out further sums of money for his benefit, and during the same period and until into December, 1872, the defendant from time to time received the proceeds of the sale of such lands, he having conveyed them to purchasers, and that on December 30, 1872, he had received from the lands $5,137.50 in excess of the amount of his claim, and for that sum and interest the referee directed judgment against the defendant.

*E. A. Nash*, for the appellant.

*George W. Daggett* and *James Wood*, for the respondent.

BRADLEY, J.:

The question presented is whether the right of action was barred by the statute of limitations. The action was commenced July 4, 1881, nearly ten and a half years after the death of the plaintiff's intestate. The statute did not commence to run prior to the death of the intestate, for if no other reason existed for its suspension, his disability produced by insanity was sufficient. (Code Civil Pro., § 396.) The time when the statute, as against the plaintiff, did begin to run will be an important matter of inquiry. The defendant had the apparent title to the lands by virtue of deeds made to him by the plaintiff's intestate, but as appears by agreement between them the deeds were in fact made and taken as security. The lands were sold, the conveyances made by the defendant and the proceeds received by him. The counsel for the defendant contends that the

plaintiff's right of action was barred by the six years statute of limitation, and that contention rests upon the proposition that for all moneys that came to the defendant from the proceeds of the property, after he received sufficient to satisfy his demands, a right of action at once arose as for money had and received to the use of the intestate and his personal representatives. It is a general rule that the receipt of money by one to the use of another imposes the duty to pay it over, and no demand is necessary to support an action. (*Stacy* v. *Graham*, 14 N. Y., 492; *Howard* v. *France*, 43 id., 593; *Carr* v. *Thompson*, 87 id., 160.)    And if it be assumed that the statute began to run more than six years before the action was commenced, and that an action at law could have been maintained for the recovery of the money so received by the defendant, the right of recovery would be barred although the action as brought was properly equitable in form, because when the remedy is concurrent at law and in equity, the limitation is the same in both forms of action, and the statutory bar of the former governs. (*Borst* v. *Corey*, 15 N. Y., 505; *In re Neilley*, 95 id., 382.)    This rule, however, is not applicable in the cases where the remedy at law is imperfect. (*Hoyt* v. *Tuthill*, 33 Hun, 196.)    The defendant was a mortgagee, and the moneys received by him came from the lands as rents and proceeds of sales of the mortgaged property. By means of the sales the equity of redemption was converted into money and was received in that form by the defendant. The purpose of this action is to ascertain, by means of an accounting sought, what that amounts to and to recover it.

An action against a mortgagee in possession for an accounting and to redeem the mortgaged premises is equitable. And the fact that the mortgagee has received rents and profits from the property sufficient to satisfy his mortgage debt will not support an action of ejectment, because they are not deemed applied until an accounting is had and the application directed by the court. (2 Wash. on Real Prop. [4th ed.], 222; Thomas on Mort., § 235; *Hubbell* v. *Moulson*, 53 N. Y., 225; *Seaver* v. *Durant*, 39 Vt., 105.)

The written agreement of January, 1864, between the parties, contained no provision for payment by the defendant of the surplus receipts to the intestate, but provided for redemption by the latter. This was merely the legal right resulting from the relation of

mortgagor and mortgagee. The defendant probably was not strictly speaking a mortgagee in possession of the mortgaged premises. He did, however, receive the rents and the proceeds of sales, and made conveyances to the purchasers of the property. In respect to his power and right to do so, no question is made, but as between the parties he must be deemed to have received those rents and the proceeds of sales as mortgagee, and as bailiff or trustee of the mortgagor. And for the purposes of the question here it seems difficult to distinguish in principle the situation from that in an action against a mortgagee in possession for an accounting and the relief consequent upon the application of sufficient of the proceeds to satisfy and discharge the mortgage debt. (Thomas on Mort., § 700; *Hubbell* v. *Moulson, supra ; Morris* v. *Budlong,* 78 N. Y., 558.) The reason of the rule and for its application is the same here as there. And in that view the statutory limitation of six years is not applicable to this action. It does not come within the statute providing for the redemption of real property from a mortgage within twenty years (Code Civil Procedure, § 379), because the money in the defendant's hands, to which the plaintiff was entitled, is deemed personal and not real estate. (*Denham* v. *Cornell,* 67 N. Y., 556.) But no limitation being specially prescribed by the statute, the action may be brought within ten years after its cause accrued. (Code, § 388.) Whether the cause of action accrued within ten years before it was commenced presents a question of some difficulty. If the statute commenced to run on the death of the intestate it did not accrue within that time. The provisions of chapter 4 of the Code of Civil Procedure constitute the only rules of limitation applicable to civil actions, except where a different limitation is specially prescribed by law, to which is added certain other qualifications which do not relate to this action. (Sec. 414.) The provision of the statute that the time between the death of a person and the granting letters testamentary or of administration, not exceeding six months, and the period of six months thereafter, should not be deemed any part of the time limited for the commencement of actions by executors or administrators (2 R. S., 448, § 9), was repealed by Laws of 1880, chapter 245. And the only statute in that respect is the provision that "if a person entitled to maintain an action dies before the expiration of the

time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives after the expiration of that time and within one year after his death." (Code, § 402.) This is substantially the same as the provision of 2 Revised Statutes, 297, section 26. There seems to be no substitute for the repealed section 9, referred to, as it does not seem to be within the construction to which section 402 of the Code is entitled. And we are not advised of any provision excluding from the operation of the statute of limitations any time following the death of a person, applicable to an action brought by his representatives, except to save the right of action from the bar of the limitation within one year after such death.

This view of the construction of that section is strengthened by the fact that the provisions of the two sections, 26 and 9 of the Revised Statutes, were concurrent and provided for both cases, and that by the present statute the provision of the former section is retained and that of the other not. At the time of the death of the plaintiff's intestate no period of time had been within the operation of the statute, by reason of his mental disability.

We think the action cannot be made to depend for support upon the statute which provides that "where the right grows out of the receipt or detention of money or property, by an agent, trustee, attorney or other person acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand, has actual knowledge of the facts upon which that right depends." (Code Civil Pro., § 410, sub. 1.) The provisions of that section have relation to cases where the statute commences to run if no demand is made, although demand is necessary to support an action.

The only apparent reason for the application of that rule is to protect a defendant from costs in the cases embraced within the provision. (*Stafford* v. *Richardson*, 15 Wend., 302.) And it has relation to actions at law only, where costs follow as matter of course, and not to those in equity, where costs are wholly under the control of the court. (*Bruce* v. *Tilson*, 25 N. Y., 194.) That section does not necessarily apply to cases of direct trusts, because there the mere lapse of time never bars the claim of the *cestui que trust;* and the statute does not commence to run until the trustee

has refused to recognize such relation or has assumed to have or claim a right in respect to it antagonistic to the trust. (*Purdy* v. *Sistare*, 2 Hun, 126; *Reitz* v. *Reitz*, 80 N. Y., 538.) And such is the situation as between a mortgagee in possession and the mortgagor bearing upon the right of redemption. (*Hubbell* v. *Sibley*, 50 N. Y., 468; *Miner* v. *Beekman*, id., 337.) If, therefore, the defendant, having taken, had remained in possession of the premises, he would be deemed to have held them as security for his mortgage debt, and having taken the proceeds of the sales and in like manner held them, he must, we think, until he assumed in some manner to antagonize such relation, be deemed to hold them as trustee in such manner as to deny to him the right to effectually allege the statute of limitations as a bar to relief, because his relation of mortgagee still continued, and as such he received the proceeds of the sale as a substitute for the property. It may be that this proposition is not free from criticism. If it has not the support of the principles sought to be applied, and the liability of the defendant might properly have been the subject of an action at law, and treating this as such, the conclusion may follow that the money in question was received by the defendant in a fiduciary capacity, which may bring the case within the provision before mentioned of section 410 of the Code of Civil Procedure, and give effect, in support of the recovery, to the fact found by the referee, that the plaintiff had no actual knowledge of the facts upon which the right of action depended, and that demand was made of the defendant in 1880. The defendant did not assume to receive the money in his own right, but a trust relation arose in respect to it at the time of its receipt. The rule applicable is otherwise when a person takes possession of money or property in his right, and afterwards by construction or evidence, his relation is changed to that of trustee. Such was the case in *Price* v. *Mulford* (9 Cent. R., 866), cited by the defendant's counsel. (*Decouche* v. *Savetier*, 3 Johns. Ch., 190.)

The judgment should be affirmed.

BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Judgment affirmed, with costs.