The Buffalo Savings Bank, Plaintiff, *v.* The Polish Catholic Church of the Holy Mother of the Rosary of Buffalo, N. Y., et al., Defendants.

(County Court, Erie County, November, 1914.)

Foreclosure — application to modify judgment in — mortgages — when motion to strike out provision for payment denied.

> It cannot be held, before an accounting, that the use and occupation of mortgaged premises by the mortgagee is payment of the interest on the mortgage, and an application to modify the judgment in foreclosure by striking out the provision thereof for the payment of interest must be denied.

Application to modify a judgment by striking out the provision for the payment of interest thereon.

De Witt Clinton, for plaintiff.

Henry Adsit Bull, for defendant church.

Daniel J. Kenefick and Charles L. O'Connor, for Diocese of Buffalo.

Laing, J.  This is an application to modify the judgment herein by striking out the provision for the pay-

ment of interest on the judgment. The **defendant** church claims, first, that the plaintiff, the mortgagee, was paid in full out of the moneys realized on the former sale, and has retained those moneys, and therefore cannot claim interest on them. The purchaser, the Diocese of Buffalo, did pay after the former sale the amount of the plaintiff's claim in full, and those moneys have been retained by the plaintiff down to the present time. By the order of the Appellate Division the sale pursuant to which such moneys were paid was set aside, and the plaintiff was directed to return the moneys so received. It appears that such moneys have not been returned, but have been held by the plaintiff pending the termination of this action. Under these circumstances it cannot be held that the plaintiff's mortgage has been paid and that its right to enforce the mortgage has been taken away. As against the Diocese of Buffalo the plaintiff, of course, has no right to these moneys, and the claim that it should not be allowed to collect interest on the mortgage has no more force than a claim that the mortgage had been paid in full.

The further claim of the defendant church is that the Diocese of Buffalo should be regarded as a mortgagee in possession and while in possession should not be allowed to collect interest on the mortgage. The contention on behalf of the defendant church is that the case of *Madison Ave. Baptist Church* v. *Baptist Church of Oliver Street,* 73 N. Y. 82, is a controlling authority on the proposition that the Diocese of Buffalo should not be allowed to collect interest on the amount of this mortgage while in possession of the property. The rule in the case cited was laid down as " the rule adapted to this case, founded upon reason, justice and equity." It was not suggested in the opinion in that case that the rule followed was one of

universal application. On the contrary, Earl, J., writing the opinion in that case, says: " The mortgagee should make to the mortgagor a just and equitable compensation for the possession. But the general rule cannot properly be applied in all cases. In some cases it will fail to do justice, and in others will do injustice. In a court of equity no general rule for compensation is inflexible. It may mould its relief, and give redress according to the circumstances of each case. When ordinary rules will not apply to the administration of equitable relief, or will work injustice, it must be guided by reason and justice.'' There were many facts in the *Madison Avenue Church* case which do not exist in the case now before the court. Hence manifestly it is not safe to assume at this time that upon an accounting between the Diocese of Buffalo as mortgagee in possession and the defendant church as mortgagor out of possession a court of equity in order to do justice between the parties would follow exactly the same rule adopted in the *Madison Avenue Church* case. It cannot be assumed that upon an accounting between these parties the matter of interest on the mortgage will not come up for consideration. To determine at this time that the Diocese of Buffalo as a mortgagee in possession is not entitled to interest might affect its rights upon an accounting. It may claim that it has paid out for repairs, taxes and insurance an amount equal to as much as the value of the use and occupation. At least a part of that claim is made as appears by the affidavit filed showing the amount paid out for repairs. Whatever may be thought of the claim the claimant has a right to its day in court and should not be shut off from presenting its case upon the final accounting by an order made at this time.

In the case of *Hubbell* v. *Moulson*, 53 N. Y. 225, it

County Court, Erie County, November, 1914.   [Vol. 87.

was held that the receipt of rents and profits from mortgaged premises by a mortgagee in possession to an amount sufficient to satisfy the mortgage was not a legal satisfaction of the mortgage but that the mortgagor must resort to an accounting in equity in order to have such receipts so applied, and until they were applied by a judgment of the court the character of the mortgagee as mortgagee in possession was not divested and that ejectment could not be maintained against him.   This case has been cited with approval or followed in *Smith* v. *Cross,* 85 Hun, 58, and *Hoye* v. *Bridgewater,* 134 App. Div. 255.   It follows necessarily from a rule laid down in the above case of *Hubbell* v. *Moulson* that it cannot be held before an accounting that the use and occupation of premises by a mortgagee is payment and satisfaction of the interest on the mortgage.   If the receipt of the rents and profits of the premises to an amount equal to the amount of the mortgage and interest cannot be held to be a payment and satisfaction of the mortgage without an accounting and without a judgment of the court, then certainly the receipt of the rents and profits cannot be held to be payment and satisfaction of a part of the mortgage (viz., the interest thereon) without an accounting and the judgment of the court after an accounting.   In order to warrant the granting of the relief asked for on this application the facts must be such that a tender by the defendant church of the face of the mortgage would put the defendant church in position to redeem the property.   In fact, it was suggested upon the argument that the defendant church might desire to redeem the property, and that its possible desire to redeem the property is one of the reasons why this application was made.   Such a tender of the face of the mortgage would not be a sufficient tender unless it could be held as a matter of law that

the interest had been paid in full. It is not the law that the interest on the mortgage is regarded as paid merely because the mortgagee has been in possession of the premises. As stated in the case of *Hubbell* v. *Moulson:* " The mortgagee in possession takes the rents and profits in the *quasi* character of trustee or bailiff of the mortgagor. They are applied in equity as an equitable set-off to the amount due on the mortgage debt. The law does not apply them as received to the payment of the mortgage. It depends upon the result of an accounting upon equitable principles whether any part of the rents and profits received shall be so applied. The mortgagee is entitled to have them applied, in the first instance, to reimburse him for taxes and necessary repairs made upon the premises; for sums paid by him upon prior encumbrances upon the estate in order to protect the title and for costs in defending it; and if he has made permanent improvements upon the land in the belief that he was the absolute owner, the increased value by reason thereof may be allowed him.'' Doubtless under ordinary circumstances the rents and profits received by the mortgagee in possession if not required to reimburse him would be first applied to the payment of interest on the mortgage. That does not mean, however, that the court may on a presentation like this upon affidavits apply the rents and profits to the payment of the interest upon the mortgage much less assume in a case like this that the interest has been paid in full simply because the mortgagee has been in possession.

It may be that the use and occupation of these premises by the Diocese of Buffalo is of much greater value than the amount of its disbursements for repairs and the interest on this mortgage and that upon an accounting it will be required to credit a substantial sum of money upon the principal of the mortgage. So far

as I can see, the court now would have the same right to determine that a part of the principal of said mortgage has been paid by the use and occupation of the premises that it has to determine that the interest has been paid in full.   Clearly neither determination can be made at this time.   No tender of less than the full amount of the mortgage and interest would be sufficient, and, that being so, the order asked for cannot be granted.   The rights and equities of the parties cannot be adjudicated on an application of this kind. Those rights and equities must be adjudicated at the end of an accounting.   It seems that the mortgagee in possession is entitled either to the payment of the mortgage in full with interest to date of payment or payment of the balance due him as fixed by a judgment of the court after an accounting.   I am satisfied that such is the law and that the judgment in this case cannot be modified as asked by the defendant church.   The motion is denied.

Motion denied.