■ SUSAN MANDEL, Respondent, v MARJORIE A. STRICKLAND et al., Defendants, and ROBERT LEBEAU, Appellant. [735 NYS2d 553] —In a consolidated action to foreclose a mortgage, the defendant Robert LeBeau appeals from an order of the Supreme

Court, Suffolk County (Underwood, J.), dated June 19, 2000, which denied his motion for a new hearing to recalculate the amount of the net proceeds from the sale of the property due to the plaintiff, and granted the plaintiff's cross motion to direct the Referee to turn over to her the net proceeds from the sale.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Where a mortgagee lawfully takes possession of the mortgaged premises, he or she "takes the rents" received from the use of the premises "in the quasi character of trustee or bailiff of the mortgagor" (*Hubbell v Moulson,* 53 NY 225, 228; *see, Gasco Corp. & Gordian Group v Tosco Props.,* 236 AD2d 510). The rents are then "applied in equity as an equitable set-off to the amount due on the mortgage debt" (*Hubbell v Moulson, supra,* at 228; *see, Gasco Corp. & Gordian Group v Tosco Props., supra*). The record does not demonstrate that the Referee took into account the rents received by the plaintiff after she took possession of the real property. Therefore, the Supreme Court should have granted the appellant's motion for a new hearing to recalculate the amount of the net proceeds from the sale of the real property due to the plaintiff, and denied the plaintiff's cross motion to direct the Referee to turn over to her the net proceeds from the sale. We note that the appellant's contention that the merger doctrine applies may have merit, and that the record does not support the Supreme Court's conclusion that the laches doctrine operates to bar the appellant from making that argument (*see, Dwyer v Mazzola,* 171 AD2d 726).

The plaintiff's remaining contentions are without merit. Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.