(12 Misc. Rep. 585; 24 Civ. Proc. R. 420.)

### MAURHOFFER v. MITTNACHT.

(Supreme Court, Special Term, New York County. May, 1895.)

MORTGAGES—REDEMPTION—ADVERSE POSSESSION OF MORTGAGEE.

Code Civ. Proc. § 379, provides that an action to redeem from a mortgage may be maintained against a mortgagee in possession or those claiming under him, unless he or they have continuously maintained an adverse possession for 20 years after the breach of a condition of the mortgage, or the nonfulfillment of a covenant therein. *Held,* that the right to redeem is not barred where it appears that an assignee of the mortgage took possession of the mortgaged premises, and afterwards assigned the mortgage to defendant, who thereupon took possession of the premises within 20 years before the action was commenced, though the possession of defendant and his assignor aggregated more than 20 years.

Action by Theresa Maurhoffer against Jacob A. Mittnacht to redeem land from a mortgage. Judgment for plaintiff.

A. H. Alker, for plaintiff.

H. M. Gescheidt and H. H. Frost, Jr., for defendant.

INGRAHAM, J. The action is commenced by plaintiff, claiming to be the owner of a lot of land, against the defendant, alleged to

be a mortgagee in possession, to redeem from the mortgagee. The mortgage was executed on February 14, 1867, and the property was conveyed by the mortgagor to this plaintiff by a deed dated April 9, 1868, subject to the mortgage. The mortgage having been assigned to Catherine McCown and Bridget McCown on April 7, 1870, an action to foreclose the mortgage was commenced; and on May 21, 1870, the McCowns assigned the mortgage to George M. Mittnacht, and the foreclosure action was abandoned. Immediately thereafter, it would appear, Mittnacht entered into possession of the mortgaged premises, and remained in such possession until 1874, when he assigned the mortgage to this defendant by an assignment dated June 16, 1874, which was duly recorded; and under that assignment the defendant continued in possession of the mortgaged premises down to the commencement of this action.

The sole question to be determined is whether this right to redeem is barred by the statute of limitations. In England the rule seems to have been that the action is too late unless brought within 20 years after the mortgagee entered into possession, unless some act of his is shown which treated the mortgage as a mortgage. See Hodle v. Healey, 1 Ves. & B. 538; Grubb v. Woodhouse, Freem. 187. In this state I cannot find that this precise question has been passed upon. The exact relation of a mortgagee in possession to the title of the mortgaged premises has, however, been much discussed, and many able judges have differed. It seems to have been finally settled, however, that a mortgagee in possession is not the owner of the legal title to the land covered by the mortgage. In Trimm v. Marsh, 54 N. Y. 599, it was held that the interest of a mortgagor in mortgaged premises in possession of a mortgagee was real estate that could be levied upon and sold under an execution, and that, upon a conveyance by the sheriff under such a sale to the mortgagee of the right, title, and interest of the mortgagor in and to the mortgaged property, the legal and equitable title to the property becomes vested in the mortgagee. And Earl, C., thus described the relation of the mortgagee to the property:

"Before taking possession the mortgagee had a mere lien upon the real estate pledged for the security of his debt. After possession he has in his possession the property pledged as his security, the title remaining as it was before. The mortgagor's title is still a legal one, with all the incidents of a legal title, subject to the pledge, and the mortgagee's interest is still a mere debt secured by the pledge. If the mortgagee should die in possession, the debt would still go to his personal representatives to be administered as personal estate, and the mortgagor's title would go to his heirs. Payment, or even tender, would destroy the mortgagee's right to retain possession, and would enable the mortgagor to maintain ejectment to recover possession. The mortgagee in such case, so far from having any title, holds the land as the land of the mortgagor and is liable to account to him for the rents and profits."

Commissioner Reynolds also delivered an opinion concurring with Commissioner Earl, and this decision was in the face of a strong dissenting opinion from Commissioner Gray. The defendant, therefore, has not a legal title to the property. That is still vested in the plaintiff. A mortgagee in possession, however, is entitled to maintain possession of the mortgaged premises as against the mort-

gagor, and the aid of equity is necessary for the plaintiff to remove the lien of the mortgage before she can recover possession. As was intimated in Trimm v. Marsh, supra, the mortgagor has the right to pay the amount due upon the mortgage when that is known or can be ascertained without any aid of a court of equity, or the mortgagor can come into a court of equity and ask that the amount due on the mortgage be ascertained, and when paid he be adjudged to be entitled to the mortgaged premises. The question as to when the statute commenced to run when the mortgagee entered into possession claiming to own the fee has also been settled. The case of Miner v. Beekman, 50 N. Y. 337, was an action to redeem where there had been an attempted foreclosure of the mortgaged premises, which was without jurisdiction as against the owner of the fee, but where there had been a sale in the action and the purchaser had entered into possession of the premises under the deed, claiming title to the property. It was held in that case that such purchaser held adversely to the mortgagor; that the cause of action accrued when such purchaser went into possession under the deed; and that, under the Code of Procedure then in force, a right of action to redeem was barred after 10 years from the entry of the mortgagee into possession under the deed. A distinction is there taken between a case where a mortgagee enters into possession under an independent conveyance, which, upon its face, conveys the entire title to the property, and where a mortgagee enters into possession avowedly as mortgagee, making no claim except that of a mortgagee in possession. And Grover, J., in delivering the opinion of the court in that case, in which all the judges concurred, said:

"The statute, I think, would not then commence running, had the defendants or their grantor entered and continued in possession avowedly as mortgagees, and would not run while they so held, for the reason that it is a continuing right of the owner to pay off and discharge a mortgage, and by so doing regain possession of the land. But, so far as appears in this case, neither the defendants nor their grantor so entered and held the possession, but, on the contrary, claimed the entire fee, under deeds in fee, commencing with the deeds of a master in chancery, given upon a sale made in an action for the foreclosure of the mortgage in question to the purchaser "

And in the case of Hubbell v. Sibley, 50 N. Y. 470, the same principle was restated, and the same distinction taken between a case in which a mortgagee enters into possession of property as mortgagee and where he enters into possession under a conveyance purporting to convey to him the absolute title to the premises. Thus, prior to the enactment of section 379 of the Code of Civil Procedure, hereafter referred to, it seems to have been held in this state that the statute of limitations would never run against an action to redeem while a mortgagee held possession of the premises avowedly as mortgagee, but would commence to run when the mortgagee entered into possession claiming the entire fee; and that the mortgagor must commence his action to redeem within 10 years from the time that the mortgagee entered into possession claiming the entire fee under a deed which purported to convey the fee to him. That being the law, section 379 of the Code of Civil Procedure went into effect.

Sec. 379. "An action to redeem real property from a mortgage, with or without an account of rents and profits, may be maintained by the mortgagor, or

those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have ·continuously maintained an adverse possession of the mortgaged premises for twenty years after the breach of a condition of the mortgage, or the nonfulfillment of a covenant therein contained."

The language is general, and is only limited by the provision of the section, that such an action may be maintained unless the mortgagee has "continuonsly maintained an adverse possession of the mortgaged premises for twenty years after the breach of a condition of the mortgage." This action can, therefore, be maintained, unless it is shown that this qualification of the right contained in section 379 exists.

George M. Mittnacht received an assignment of the mortgage on May 21, 1870, and under that assignment he went into possession. No deed is produced or proved giving to him any other interest or title in the property except as mortgagee. There is evidence of some conversation between him and the owner of the property prior to his acquiring the mortgage, but I do not think that anything that was said qualifies the interest or title of the mortgagee in the premises, or the possession which he thus acquired. He continued in such possession for four years, when he transferred the possession to the defendant, and with that transfer he executed, not a conveyance of the property, not a deed which purported to convey the fee of the property, but simply an assignment of the mortgage; and under that assignment of the mortgage to the defendant the defendant went into possession and has continued in such possession. That assignment was dated and recorded in 1874, and less than 20 years prior to the commencement of this action. It seems to me clear that a person receiving an assignment of a mortgage, as this defendant did in 1874, and then entering into possession of the mortgaged premises, cannot be said to have entered into such possession adversely to the mortgagor unless he at the same time qualifies his taking possession by some visible and notorious act in hostility to the title of the mortgagor, showing that such possession is adverse to the mortgagor, and not as mortgagee. In Borst v. Boyd, 3 Sandf. Ch. 501, it was held that such an assignment was decisive that the mortgage was redeemable at its date, and that, although the mortgagor was not a party to the assignment, he could avail himself of the evidence which they afforded of the nature of the mortgagee's interest and claim, and in that case the assistant vice chancellor said: "A mortgagee may work a disseisin, but I apprehend, within the period requisite for barring redemption, that can only be done by some direct, open, and unequivocal act in hostility to the title of the mortgagor." It is not necessary in this action to determine upon whom the burden rests of showing the relation of the mortgagee in possession to the property. Whether 20 years' possession makes it necessary for the mortgagor to show some act of the mortgagee which recognized the existence of the mortgage, or whether the possession of the mortgagee was presumed to continue as mortgagee until either by the existence of a deed or by some act the possession became adverse and in hostility to the title of the mortgagor, in this

case, taking the assignment of the mortgage and entering into possession under it within 20 years of the commencement of the action was a distinct recognizance of the possession of the defendant.    It seems to me, therefore, that it has been shown that neither the defendant nor his predecessors have continuously maintained an adverse possession of the mortgaged premises for 20 years before the commencement of this action, and the plaintiff is, therefore, entitled to judgment.

Judgment for plaintiff.