(6 App. Div. 187)

BEEBE v. RICHMOND LIGHT, HEAT & POWER CO., Limited, et al.

(Supreme Court, Appellate Division, Second Department. June 23, 1896.)

PARTIES—RIGHT TO INTERVENE—INTEREST ACQUIRED AFTER JUDGMENT..
    One who acquires an interest in mortgaged premises after judgment of
    foreclosure is rendered cannot intervene as a defendant in the foreclosure
    action.

### Appeal from special term, Richmond county.

Action by Albert O. Beebe against the Richmond Light, Heat & Power Company, Limited, the Electric Power Company of Staten Island, Albert B. Boardman, as receiver of the Electric Power Company of Staten Island, Erastus Wiman, and David Bennett King, as assignee for benefit of creditors of Erastus Wiman and the Holland Trust Company, to foreclose a mortgage made by the Richmond Light, Heat & Power Company to the Holland Trust Company, in trust, to secure an issue of $150,000 of bonds. From an order denying the application of Austin B. Fletcher, who was the assignee of certain claims against the Electric Power Company of Staten Island, to intervene in the action and be made a party defendant thereto, and from an order denying an application to direct Albert B. Boardman, as receiver of said Electric Power Company, to appeal to the court of appeals from the order affirming the decree of foreclosure (38 N. Y. Supp. 305, affirming 35 N. Y. Supp. 1), said Fletcher and the Electric Power Company of Staten Island, and Erastus Wiman, respectively, appeal. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Albert Reynaud, for appellants Electric Power Co. of Staten Island and Erastus Wiman.

A. B. Fletcher, in pro. per.

Geo. A. Black, for respondent.

PER CURIAM. The first appeal is from an order of the special term denying the application of the appellant Fletcher to intervene in this action, and to be made a party defendant thereto. The affidavit of Mr. Fletcher shows that he is the owner, by assignment, of unsecured claims against the Electric Power Company of Staten Island, the owner of the equity of redemption. It further shows that on February 14, 1896, he acquired, by purchase at a receiver's sale, all the property, real and personal, of said company. Judgment was entered in this action, which is for the foreclosure of a mortgage, on the 13th day of November, 1895. We think the application was properly denied. Had the appellant acquired title to the mortgaged property pending the action, he doubtless would have had the right to intervene. But his title accrued subsequent to the rendition of the judgment which established the rights of the parties, and his title was subject to the lien of that judgment. In a case of fraud a judgment operating injuriously to the appellant's rights would doubtless be opened, and the appellant allowed to intervene and defend, but this action was defended vigorously and in good faith by the Electric Power Company. From the judgment rendered against it (35 N. Y. Supp. 1) an appeal was taken to this division of the court, and the appeal argued, the present appellant being on the defendants' brief. We affirmed the judgment

on the 7th of April, 1896 (38 N. Y. Supp. 395), and the application of the appellant was not made until after our decision. To suffer the appellant to now intervene, would be to permit the whole matter to be again litigated. If such practice is to be permitted it would be possible, by successive transfers of the property, to prolong indefinitely any action of foreclosure.

The appellant claims that the judgment is irregular, because prior to its rendition the Electric Power Company had been dissolved by a decree of the court. If this be so, then the appellant can bring his action in ejectment to recover the property; for it is settled by authority that, where the owner of the equity of redemption is not a party to a decree in foreclosure, the foreclosure is void, and the purchaser does not become even a mortgagee in possession. Howell v. Leavitt, 95 N. Y. 617.

The appellant further claims that, while the judgment provided that only chattels or personal property acquired before the date of the execution of the mortgage should be sold under the decree, the referee has sold chattels acquired since that time. This question cannot be determined by opening the judgment, or making the defendant a party to the action. The action by the referee has in no wise prejudiced the appellant's rights. If the referee has sold property not covered by the terms of the judgment, the appellant may recover the same by replevin, or sue in trover for their conversion.

The order appealed from should be affirmed, with $10 costs and disbursements.

A second appeal is from an order denying an application to direct Albert B. Boardman, as receiver of the Electric Power Company, to appeal to the court of appeals from the order of affirmance of the decree in foreclosure made by this division of the court in April, 1896. It appears by the affidavits that notice of the decree was served on the receiver, and that he took no appeal therefrom to this division of the court. The time for appeal by him has now lapsed. As he did not appeal to this division of the court, he, of course, cannot now appeal from the order of affirmance to the court of appeals.

The order appealed from should be affirmed, with $10 costs and disbursements.