(119 App. Div. 56)

BECKER et al. v. McCREA et al.

(Supreme Court, Appellate Division, Second Department.  April 19, 1907.)

1. MORTGAGES—MORTGAGEE IN POSSESSION—SUFFICIENCY OF EVIDENCE.

A mortgage foreclosure action was commenced and prosecuted to judgment, but there was no sale under the judgment.  Thereafter the mortgagee occupied the mortgaged premises as a part of his adjoining farm for over 20 years.  *Held* sufficient to support a finding that he was a mortgagee in possession.

2. SAME—REDEMPTION—ADVERSE POSSESSION.

Under Code Civ. Proc. § 379, providing that an action to redeem real property from a mortgage may be maintained by the mortgagor against the mortgagee in possession or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for 20 years, etc., the word "adverse" requires only that the mortgagee be in possession rightfully as such.

Appeal from Trial Term, Westchester County.

Action by C. Adelbert Becker and another against Maggie McCrea and others.  From a judgment (94 N. Y. Supp. 20), defendant McCrea appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, and MILLER, JJ.

Brainard Tolles (Charles Francis Stone, on the brief), for appellants.
J. Addison Young, for respondents.

MILLER, J.  The respondents are the devisees of Jane B. Eddy, deceased, who in 1877 conveyed the property involved in this suit to one Bernard Spaulding, taking back a purchase-money mortgage.  In the same year said Spaulding, conveyed to the defendant McCrea.  In 1878 an action to foreclose said mortgage was commenced and prosecuted to judgment, but there was no sale under the judgment.  In 1904 said defendant McCrea attempted to convey an undivided eighth part of said premises to the plaintiff, evidently for the purpose of obtaining an adjudication of title in a partition suit, instead of in an ejectment suit or an action to redeem.  The respondents assert that their testatrix was continuously in possession as mortgagee for more than 20 years, to wit, from 1879 to the commencement of this action, and that such possession ripened into a title before the commencement of the suit, because an action to redeem was barred by section 379 of the Code of Civil Procedure.  The trial court found that in the year 1879 said testatrix, with the knowledge and consent of said Spaulding and

McCrea, entered into the open, actual, and visible possession and use of said premises, and so continued up to the time of the commencement of this action. The appellants challenge this finding of fact as unsupported by evidence and as inconsistent with the conclusion of law, also found, that the possession of said Eddy was adverse, and assert that the mortgage debt is conclusively presumed to have been paid.

We think the finding of fact referred to is abundantly supported by the evidence. It clearly appears that the defendant McCrea never made any claim to or asserted a right of possession in the property until shortly before the commencement of this action. It adjoined, and before the conveyance to said Spaulding in 1877 was a part of, a farm occupied by said Eddy, and the proof is that during the period in question it was occupied as a part of said farm, that the tillable land was cultivated, the natural grass cut from the meadow, and timber taken from the woodland as occasion required. To be sure, there is no direct evidence that said McCrea expressly assented to such possession; but such assent may be either express or implied, and is plainly inferable from the continued, open, and notorious possession of the mortgagee without objection thereto on the part of said McCrea. As said by Judge Finch, in Howell v. Leavitt, 95 N. Y. 617, the requisite "assent or acquiescence may be inferred from slight circumstances." It is conceded that there can be no presumption of payment if the mortgagee was in possession, and we think that the finding that the respondents' testatrix was for more than 20 years a mortgagee in possession is sufficient to support the judgment appealed from.

If I have correctly understood the argument of the learned counsel for the appellants, it is that the respondents cannot succeed unless they have made out a title by adverse possession, and it may be granted that they have not. This contention, however, is based on a misapprehension of the meaning of the word "adverse" as used in said section 379. I grant that the word is very inaptly used; but I think it obvious that it is not used in the same sense as in the preceding title, which prescribes the limitations of time for the commencement of actions for the recovery of real property. The title in which said section is found relates to actions other than for the recovery of real property. It is true that there is judicial warrant for the appellants' contention (Kip v. Hirsh, 21 Jones & S. 1; Maurhoffer v. Mittnacht, 12 Misc. Rep. 585, 34 N. Y. Supp. 439); but the decisions, relied on to support the judgments in those cases, were on other points. In the first place, the possession of the mortgagee cannot be strictly adverse, because, if he claims under title adverse to the mortgagor, he is not a mortgagee in possession. The mortgagee has no title to the mortgaged premises, either before or after default (Trimm v. Marsh, 54 N. Y. 599, 13 Am. Rep. 623; Ten Eyck v. Craig, 62 N. Y. 406–422; Rector, etc., Christ P. E. Church v. Mack, 93 N. Y. 488–491, 45 Am. Rep. 260); and if he be in possession, but not strictly as mortgagee, the mortgagor, unless he choose to treat him as such, may maintain ejectment, in which case section 365 of the Code of Civil Procedure, not section 379, would govern.

Counsel for the appellants justly commends a discussion in 26 Albany Law Journal, 526, and 27 Albany Law Journal, 10, on the subject "How a Mortgagee, as Such, can Get Possession," to which he refers in support of the proposition that the mortgagee can only get possession as such with the consent or acquiescence of the mortgagor. The soundness of that proposition is there clearly shown, both upon principle and authority; but that proves that the word "adverse" could not have been used in said section 379 in the sense now asserted. It would be a work of supererogation to review the authorities prior to Dunning v. Leavitt, 85 N. Y. 30, 39 Am. Rep. 617, for the learned writer of those articles distinguished dicta from decisions with such thoroughness and discrimination as to make further analysis of those cases unnecessary. He showed that the Court of Appeals had to decide the point in Dunning v. Leavitt, supra. Subsequently the precise proposition was urged upon that court by said writer as counsel for the plaintiff in the ejectment suit brought by the heirs of Howell against the defendant in that case, and was squarely decided. Howell v. Leavitt, 95 N. Y. 617. This court, in this department, said that that case settled the law "that, where the owner of the equity of redemption is not a party to a decree in foreclosure, the foreclosure is void, and the purchaser does not become even a mortgagee in possession." Beebe v. Richmond Power Co., 6 App. Div. 187, 40 N. Y. Supp. 1013. Upon slight examination it may seem that Townshend v. Thomson, 139 N. Y. 152, 34 N. E. 891, decided the question the other way; but a careful reading of the opinion of Judge Earl in that case discloses that he did not overlook the fact that the assignee in bankruptcy of the mortgagor acquiesced in the entry of the purchaser at the void foreclosure sale. Therefore, when that learned judge said that such purchaser "becomes assignee of the mortgage, and if he lawfully enters into possession of the real estate purchased he becomes a mortgagee in possession," he used the word "lawfully" with discrimination; for, of course, the entry of a purchaser at a void foreclosure sale without the consent or acquiescence of the mortgagor could no more be lawful as to him than such entry by any trespasser.

We have not overlooked the decision in Barson v. Mulligan, 66 App. Div. 486, 73 N. Y. Supp. 262. There was a strong dissent in that case, and a majority of the court assumed that Winslow v. Clark, 47 N. Y. 263; Hubbell v. Sibley, 50 N. Y. 470; Madison Ave. Bapt. Ch. ·v. Oliver St. Bapt. Ch., 73 N. Y. 94, and Townshend v. Thomson, supra, went further than they actually did. The effect of the decisions in the first three cases referred to is shown in 26 and 27 Albany Law Journal, supra, and in the last case referred to the assignee of the mortgagor consented to possession by the mortgagee as hereinbefore shown. We may take it as settled, then, that a mortgagee as such in possession neither has title nor holds adversely to the title of the mortgagor; and we will not assume that the Legislature intended to prescribe by said section 379 a limitation which could never commence to run. Before the Revised Statutes, equity applied the same limitation to an action to redeem as the law applied to an action in ejectment; i. e., 20 years. Demarest v. Wynkoop, 3 Johns. Ch. 129; Moore v. Cable, 1 Johns. Ch. 385. The Code of Procedure contained no specific

provision respecting an action to redeem, and it was held that section 97, the general section prescribing the period of 10 years, applied (Hubbell v. Sibley, supra); and, of course, said section 379 of the Code of Civil Procedure was intended to restore the old rule. The word "adverse" must, therefore, be given a meaning consistent with the intent and purpose of the section, and can only require that the mortgagee be in possession rightfully as such.

The judgment should be affirmed, with costs. All concur.