BECKER v. McCREA et al.

(Supreme Court, Appellate Division, Second Department. December 3, 1909.)

1. PARTITION (§ 49*)—PARTIES—ADDITION.

On the failure of plaintiff in partition to join his wife as a plaintiff as directed by an order made more than eight months before the trial, he cannot charge defendant with laches or bad faith in making a motion that she be made a party defendant, as provided by Code Civ. Proc. § 448, where such motion is returnable on the day of trial, according to section 723, allowing such amendments in the interests of justice.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 49.*]

2. PARTITION (§ 49*)—PARTIES—ADDITION—EFFECT OF LIS PENDENS.

Lis pendens filed by plaintiff in partition before his marriage and indexed against defendants according to Code Civ. Proc. § 1672, so as to charge purchasers with notice as provided by section 1671, cannot be relied on by him to defeat defendant's motion that the wife be made a party, as required by sections 1538 and 452, so that the controversy may be completely determined and her incohate dower rights protected, as provided by section 1570.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 49.*]

Appeal from Special Term, Westchester County.

Action by C. Adelbert Becker against Maggie McCrea and others. From an order denying a motion that plaintiff's wife be brought in as a party, the defendant named appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and MILLER, JJ.

Charles H. Tuttle (Brainard Tolles, on the brief), for appellant.
J. A. Young, for respondents.

WOODWARD, J. This is an action of partition. The defendant McCrea appeals from an order of the Supreme Court, Westchester

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county, denying the motion of the said defendant that the present wife of the plaintiff, Lucille Clark Becker, be brought in as a party defendant. When the action was originally commenced, in October, 1904, Margaret G. Becker, the then wife of the plaintiff, was a party plaintiff. The action has been once tried. A judgment in favor of the defendant Eddy was reversed on appeal, and a new trial granted. Shortly after this judgment was entered, Margaret G. Becker died, and, before it was reversed, the plaintiff married his present wife, who, it appears from the moving papers, has not released to her husband her inchoate right of dower.

The plaintiff's main contention is that his present wife is not a necessary party; and the only paper read in opposition to the motion was the lis pendens filed by the plaintiff prior to his second marriage. The plaintiff also charges the defendant McCrea with laches in making the application. Considering these objections in the reverse order, the question of laches may be disposed of by a mere statement of the facts. The motion for the order was made under an order to show cause returnable at a Special Term at White Plains on June 24, 1909, at which place and time the case was to be called for trial. Section 723 of the Code of Civil Procedure provides that:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, * * * amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, * * * or by inserting an allegation material to the case."

The motion, it would seem, was made sufficiently early to enable the defendant to obtain the desired relief without delaying the trial of the action. The motion certainly was not of so doubtful merit that it in itself raised an implication of bad faith on the part of the moving defendant. On the contrary, the defendant's contention was so meritorious that this court is forced to conclude that her motion should have been granted. The plaintiff's suggestion that the defendant McCrea did not act in good faith in making the application is not consistent with the plaintiff's own failure to join his present wife as a party plaintiff, as it is conceded he was directed to do by an order of the court, within eight months of June 7, 1909.

The plaintiff's present wife has an inchoate right of dower in an undivided share in the property to be partitioned. Section 1538 of the Code seems clearly to require that she be made a party to the action. The language of that section is:

" * * * Every person having an inchoate right of dower in an undivided share in the property; * * * must be made a party to an action for a partition."

This is mandatory. Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952. This is peculiarly an action in which the interests of all persons having rights in the property should be protected. This can be done under section 1570 of the Code of Civil Procedure if the plaintiff's present wife is before the court. A complete determination of the rights of the parties to the controversy cannot be had without her presence before the court except by saving her rights by the final judgment, and thereby leaving her interests and claims outstanding, subject to future

disputes as to their extent and validity, and hence a cloud upon the title, to the prejudice of all persons having interests in the property. In such cases section 452 of the Code of Civil Procedure requires that the court must direct other parties to be brought in so that the controversy may be completely determined.

The lis pendens filed by the plaintiff, and relied on by him in opposing the application for the order appealed from, is required to be indexed only against the defendants (Code Civ. Proc. § 1672), and operates as constructive notice to a purchaser or incumbrancer of the property affected thereby from or against a defendant, with respect to whom the notice is so indexed. Code Civ. Proc. § 1671. The defendants set up in their answers demands for affirmative judgments, but did not file notices of the pendency of the action against the plaintiffs, as they perhaps might have done under section 1673 of the Code. But, even in that event, the present wife of the plaintiff would not have been affected. She is not a party plaintiff, although the plaintiff has been ordered by the court to bring her in as such. Section 448 of the Code authorizes the court, under these circumstances, to make her a party defendant.

The order should be reversed, with $10 costs and disbursements. All concur.