malice, and, when proved, unless the defendant shows a lawful excuse, the plaintiff is entitled to recover. Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810; Krug v. Pitass, 162 N. Y. 154–159, 56 N. E. 526, 76 Am. St. Rep. 317; Bornmann v. Star Co., 174 N. Y. 212, 219, 66 N. E. 723; Triggs v. Sun Printing & Pub. Ass'n, 179 N. Y. 144, 153, 71 N. E. 739, 66 L. R. A. 612, 103 Am. St. Rep. 841; Le Massena v. Storm, 62 App. Div. 150, 153, 70 N. Y. Supp. 882; Gibson v. Sun P. & P. Ass'n, 71 App. Div. 566, 569, 76 N. Y. Supp. 197; Cruikshank v. Gordon, 118 N. Y. 178, 183, 23 N. E. 457. We think these authorities dispose of the defendant's contention, and the court was correct in denying the defendant's motion for judgment.

[2] In our judgment, it would be absurd to hold, as contended by appellant, that because the plaintiff did not practice a profession, or follow a trade, he was not equally protected from unjust attack. He was apparently the local manager of a large and important business enterprise. His good name and reputation as the business manager of such a concern is just as sacred as though he were prominent in one of the learned professions. The law should be just as zealous to protect the reputation of a business man as one of capacity and ability, as one engaged in following a trade or practicing a profession.

[3] The appellant further contends that the letter containing the words complained of is a privileged communication. Assuming such to be the fact, such privilege rests with the defendant to establish as a defense, and it is not for the plaintiff, in the first instance, to show the article is not of the privileged class.

[4] Communications, otherwise privileged, cease to be privileged, when actuated by malice and made in bad faith. The letter in question is so intemperate in language that a jury might well infer the writer was actuated by feelings of personal malice toward the plaintiff.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

BECKER v. EDDY et al.

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

1. MORTGAGES (§ 191*)—POSSESSION BY MORTGAGEE.

A mortgagee, left in possession after default, will not be deprived of possession until the mortgage is paid, whether the possession be given under the mortgage or otherwise.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 476–481; Dec. Dig. § 191.*]

2. MORTGAGES (§ 319*)—MORTGAGEE IN POSSESSION—PAYMENT OF MORTGAGE—EVIDENCE.

Very slight evidence will support a decree in partition requiring payment, from the proceeds of a sale, of a mortgage to a mortgagee lawfully in possession of the property.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 319.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PAYMENT (§ 66*)—PRESUMPTIONS—PAYMENT BY MORTGAGOR.
    There is no presumption of payment by a mortgagor arising from the lapse of 20 years, where the mortgagees are in possession.
    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 176–188; Dec. Dig. § 66.*]

Appeal from Trial Term, Westchester County.

Petition by C. Adelbert Becker against Anna Brevoort Eddy and others. From a judgment, and from an order denying a motion for a new trial, plaintiff and defendants Maggie McCrea and another appeal. Affirmed.

See, also, 135 App. Div. 704, 119 N. Y. Supp. 749.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Charles H. Tuttle, for appellant McCrea.

Harlan F. Stone, for appellant C. Adelbert Becker.

Munson & Roberts, for appellant Lucille .Clark Becker (adopting brief of appellant McCrea).

J. Addison Young (William S. Beers, on the brief), for respondents.

HIRSCHBERG, J. This .case has been tried three times, the first two times without a jury, and on the present occasion with a jury, at the request of the appellants. There appears to be no difference in the facts as elicited on the different trials, and the only questions presented are of law.

The action is brought for the partition of certain real estate in the county of Westchester, which was owned in 1877 by Jane B. Eddy, now deceased. In that year she conveyed the property to one Bernard Spaulding and took back a purchase-money mortgage. Spaulding conveyed the property the same year to the defendant Maggie McCrea, subject to the incumbrance. The next year an action was brought by Mrs. Eddy to foreclose the mortgage, which action was prosecuted to judgment, but no sale was had thereunder. In the year 1879, after the entry of the foreclosure judgment, Mrs. Eddy took possession of the property, and she and her devisees, who are now made defendants in this action, have ever since occupied it, cultivating the land, raising and using the crops, and building a barn for use upon the premises. No accounting has been had or asked for, and it may possibly be assumed, therefore, that the occupation of the property is deemed to have been profitless.

After a period of 25 years of such open and undisputed possession had elapsed, the defendant Maggie McCrea conveyed an undivided part of the premises to the plaintiff, and this action was then brought by him in partition. Mrs. Eddy died the next year, and her devisees and the executors and trustees of her will, upon whom her title devolved, were then made parties defendant. They answer the complaint in substance as Mrs. Eddy had done; the devisees claiming to own the premises in fee, subject to the trusts and provisions contained in the will, and setting up adverse possession in the testatrix and themselves for a period of more than 20 years.

On the first trial the court found that Mrs. Eddy, as mortgagee, had entered into possession of the property with the express knowledge and assent of the owner, and that such possession as mortgagee for more than 20 years was adverse, and was sufficient to support the judgment then rendered, dismissing the complaint on the merits, and adjudging the title in her devisees as tenants in common. The judgment was affirmed by this court (Becker v. McCrea, 119 App. Div. 56, 103 N. Y. Supp. 963), but was reversed by the Court of Appeals (193 N. Y. 423, 86 N. E. 463, 23 L. R. A. [N. S.]·754) on the ground that inasmuch as possession by a mortgagee can only be with the consent, express or implied, of the owner of the equity, it could not be in hostility to the legal title, and therefore could not be adverse. The judgment entered on the second trial was vacated for a defect of parties.

On the last trial, now under review, the court submitted to the jury a question agreed upon by the parties, namely, "From 1888 to April, 1904, did Mrs. Jane B. Eddy continuously hold possession of that 15-acre parcel, described in the Spaulding mortgage, as a mortgagee in possession under that mortgage?" which question the jury answered in the affirmative. The judgment appealed from decrees partition of the property, but requires the payment of the mortgage prior to the distribution of the proceeds.

[1] The main point raised by the appellants is that, as the answer of the Eddy defendants claimed ownership by adverse possession, the question of their possession under the mortgage could not be lawfully submitted to or passed upon by the jury. Undoubtedly the Eddys claimed to own the property, yet I think they were entitled under the terms of the answer to insist upon their rights as mortgagees in possession. The learned counsel for the appellants asked the court to rule, after the Eddy defendants had rested, that the answer set up only the claim of mortgagee in possession, to which request the court ruled that the answer might be regarded as setting up both claims; but subsequently the court required an election, in response to which ruling the respondents elected to limit their claim to their rights as mortgagees in possession. In Madison Ave. Bap. Ch. v. Oliver St. Bap. Ch., 73 N. Y. 82, 94, the court said:

"It is ordinarily sufficient that a mortgagee is *lawfully* in possession after default upon the mortgage. The court will not then deprive him of the possession until his mortgage has been paid. *The possession need not be given under the mortgage, nor with a view thereto.*"

This doctrine was expressly approved in the recent case of Barson v. Mulligan, 191 N. Y. 306, 321, 84 N. E. 75, 81 (16 L. R. A. [N. S.] 151); the court saying:

"It is to be noted, moreover, that this court seems to be committed to the doctrine that the mortgagee's possession 'need not be given under the mortgage, nor with a view thereto.'"

[2] It seems to be well settled that very slight evidence is sufficient to establish the claim of a mortgagee lawfully in possession of the property, and it cannot be said that the verdict of the jury in this instance is against the weight of evidence.

[3] The appellants claim that the mortgage has been paid by the lapse of time; in other words, while there is no claim of actual payment, that a presumption of such payment arises after the lapse of 20 years. This contention necessarily falls with the determination that the Eddys were in possession as mortgagees. This appears to be conceded by the appellants. Subdivision 1 of point 2 in their brief states that:

"*Unless Jane B. Eddy was a mortgagee in possession* at the time of the commencement of this action, there was then a conclusive presumption of law that the mortgage was paid."

There are other questions presented on the appeal, which have been examined, and are not deemed to require minute discussion. The result reached appears to be just and equitable, and nothing is found which compels a reversal.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except BURR, J., not voting.