HOYE v. BRIDGEWATER et al.

(Supreme Court, Appellate Division, Second Department.    October 12, 1909.)

1. APPEAL AND ERROR (§ 1008*)—FINDINGS OF TRIAL COURT—CONCLUSIVENESS.
    Where the appellate court cannot say that the findings of the trial court
    are against the weight of the evidence, or that there is reasonable cer-
    tainty that the trial court erred, it cannot disturb the findings.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–
3969; Dec. Dig. § 1008.*]

2. INSANE PERSONS (§ 65*) — MORTGAGEE IN POSSESSION — CONSENT OF MORT-
    GAGOR.
    Where the mortgagor was adjudged insane after the execution of the
    mortgage, and his committee elected to regard the mortgagee as mortgagee
    in possession, the mortgagee was properly deemed in possession with the
    consent of the mortgagor.
    [Ed. Note.—For other cases, see Insane Persons, Dec. Dig. § 65.*]

3. MORTGAGES (§ 199*)—MORTGAGEE IN POSSESSION—LIABILITY.
    In the absence of any agreement by the parties, the receipt of rents and
    profits by a mortgagee in possession is not a legal satisfaction, and they
    must be applied by the judgment of the court in an accounting in satis-
    faction of the mortgage before the mortgage is divested of his status;
    but where the mortgagor in foreclosure pleaded that the mortgagee as
    mortgagee in possession had received the rents of the premises, that the
    same were sufficient to discharge the obligation, and asked for an account-
    ing, the court could strike a balance between the amount due on the mort-
    gage and the amount chargeable to the mortgagee, and give judgment of
    foreclosure accordingly.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 513–525; Dec.
Dig. § 199.*]

Appeal from Trial Term, Kings County.

Action by Stephen M. Hoye against Theresa Bridgewater and her
committee.  From a judgment for defendants, plaintiff appeals.  Af-
firmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR,
BURR, and RICH, JJ.

Joseph K. Field, for appellant.
Charles S. Taber, for respondents.

JENKS, J.  In this action of foreclosure the defendants plead that
the plaintiff as a mortgagee in possession had received the rents and
profits of the premises, that the same were sufficient, or such sum as
he could have received therefrom was sufficient, to discharge the ob-
ligation, and asked for an accounting.  The plaintiff denied occupation
or control in such capacity.  The Special Term found against him upon
that issue, and struck a balance between the amount due on the mort-
gage and the amount chargeable to the plaintiff of $6.99, and gave
judgment of foreclosure and of sale accordingly.  The plaintiff appeals.

As we cannot say that the findings were against the weight of evi-
dence, or that the proofs so clearly made for a contrary result that
there is reasonable certainty that the Special Term erred, we cannot
disturb its findings.  Burt v. Quackenbush, 72 App. Div. 547, 75 N.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Y. Supp. 1031, affirmed 175 N. Y. 490, 67 N. E. 1081; Foster v. Bookwalter, 152 N. Y. 166, 46 N. E. 299.

The plaintiff contends that a mortgagee cannot be in possession without consent of the mortgagor. We have no quarrel with that principle. But there is no proof in this case that such possession was against consent, and we cannot say that the inference that it was with consent was unwarranted. The mortgagor was adjudged a lunatic in 1906, about a year after the mortgage was executed. She has by her committee elected to regard the plaintiff as a mortgagee in possession. I think, then, that the point is not well taken. See Wing v. Field, 35 Hun, 617; Thomas on Mortgages (2d Ed.) §§ 235, 239; Lunny v. McClellan, 116 App. Div. 476, 101 N. Y. Supp. 812.

Unless the parties agree, the receipt of rents and profits by a mortgagee in possession is not a legal satisfaction. They must be applied by the judgment of the court in an accounting in satisfaction of. the mortgage before the mortgagee is divested of his status. Hubbell v. Moulson, 53 N. Y. 225, 13 Am. Rep. 519. But in this case the defendant demanded, and the court within its powers has made, such an accounting. The exceptions to the rulings upon evidence have not sufficient merit to affect the judgment of the court, within the rule stated in Townsend v. Bell, 167 N. Y. 470, 60 N. E. 757, De St. Laurent v. Slater, 23 App. Div. 70, 48 N. Y. Supp. 1103, and Prime v. City of Yonkers, 131 App. Div. 110, 115 N. Y. Supp. 309, 310, and like cases.

The judgment is affirmed, with costs. All concur.