ANNA M. HERRMANN et al., Appellants, *v.* CABINET LAND COMPANY, Respondent, Impleaded with Others.

Foreclosure of mortgage — judgment therein does not affect owners of equity of redemption who were not served or did not appear in action — rights of mortgagee in possession.

1. A judgment of foreclosure in which the owners of the equity of redemption have not been served with process or do not voluntarily appear, is absolutely without jurisdiction and as against such owners the purchaser at the sale under the judgment derives no title whatsoever.

2. In order to acquire the rights of a mortgagee in possession it is necessary to show that the entry was with the mortgagor's con· sent, or was otherwise lawful. Entry by a purchaser under a defective mortgage foreclosure is a trespass and, therefore, does not entitle one to the rights of a mortgagee in possession. (*Howell* v. *Leavitt*, 95 N. Y. 617, followed.)

*Herrmann* v. *Cabinet Land Co.*, 161 App. Div. 489, reversed.

(Argued March 22, 1916; decided April 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 19, 1914, affirming a judgment in favor of defendant entered upon an order of Special Term granting a motion by defendant for judgment in its favor upon the pleadings.

This is an action of ejectment. Both parties claim under one William Bragaw, who owned the lands in question in the year 1870. The plaintiffs claim as grantees under Bragaw by virtue of several mesne con· veyances. One Charles H. Schorr was the owner in the plaintiffs' chain of title in the year 1874.

The defendants claim under a purchase-money mortgage which Bragaw took from his immediate grantee. In 1894 the executors of Bragaw began an action to foreclose the mortgage. Charles H. Schorr, aforesaid,

was named as a party to the action, and an affidavit showing service on him of the summons and complaint appears in the foreclosure proceedings. The fact is that Schorr died about the year 1890, and the affidavit of service on him is, of course, erroneous. The land was sold under the judgment in the foreclosure action and the defendant takes title under the purchaser at the foreclosure sale.

The plaintiffs are heirs of Schorr and they bring this action to recover possession of the mortgaged property. The defendant in the second defense in the answer sets up the mortgage to Bragaw and the foreclosure thereof and the sale thereunder. The answer also contains an allegation as part of the second defense that the defendant entered peacefully into the possession of the land in reliance upon the fact that the foreclosure proceedings showed service of the summons and complaint on Schorr, and a further allegation that the plaintiffs have not offered to pay the amount due on the mortgage or any part thereof. The defendant claims to hold the property sought to be recovered as mortgagee in possession.

To this second defense the plaintiffs demurred on the ground that it was insufficient in law upon the face thereof. The defendant was successful at the Special Term and the judgment in its favor was affirmed by the Appellate Division.

*Merle I. St. John* for appellants. The defendant is not a mortgagee in possession. (*De Cordova* v. *Sanville*, 214 N. Y. 662; *Matter of Killan*, 172 N. Y. 547; *Barson* v. *Mulligan*, 191 N. Y. 306; *Eidlitz* v. *Lancaster*, 40 App. Div. 446; *Rabinowitz* v. *Power*, 131 App. Div. 892; *Conkling* v. *Weatherwax*, 181 N. Y. 258; *Becker* v. *McCrea*, 193 N. Y. 423; *Greenleaf* v. *B. R. R. Co.*, 141 N. Y. 395; *Stouffer* v. *Harlau*, 68 Kan. 135; *Burns* v. *Hart*, 149 Cal. 617; *Bryan* v. *Brasius*, 3 Ariz. 433; 162 U. S. 415; *Townshend* v. *Thompson*, 139 N. Y. 152.)

*Lynn C. Norris* and *Arthur P. Hilton* for respondent. The respondent is a mortgagee in possession. The appellants cannot maintain an action in ejectment, but their only remedy is to redeem from the mortgage. (*Ketchum* v. *Deutsch*, 211 N. Y. 85; *Hubbell* v. *Moulson*, 53 N. Y. 226; *Hart* v. *Wandle*, 50 N. Y. 381; *Rector* v. *Mack*, 93 N. Y. 488; *Gottlieb* v. *City of New York*, 128 App. Div. 149; *Continental Ins. Co.* v. *Reeve*, 135 App. Div. 737; *McRoberts* v. *Bergman*, 132 N. Y. 73, 81–83; *Eldridge* v. *City of Binghamton*, 120 N. Y. 309, 314; *Finlay* v. *Cook*, 54 Barb. 9; *Barson* v. *Mulligan*, 191 N. Y. 306.)

CUDDEBACK, J. In order to acquire the rights of a mortgagee in possession it was necessary for the defendant to show that it had entered with the mortgagor's consent, or had otherwise entered lawfully. It was not sufficient to show an entry under circumstances that would constitute a trespass. (*Barson* v. *Mulligan*, 191 N. Y. 306, 321.) These propositions are not disputed by the defendant's counsel, but he claims that the defendant's possession is in accord therewith, and he relies upon the defective foreclosure proceedings to sustain his position. He attributes in some way or other to those proceedings the force of a consent on the part of the defendants in that action, even if they were not served and did not appear, to the possession of the defendant in this action which makes its entry lawful.

But a judgment of foreclosure in which the owners of the equity of redemption have not been served with process or do not voluntarily appear, is absolutely without jurisdiction and as against such owners the purchaser at the sale under the judgment derives no title whatsoever. (*Watson* v. *Spence*, 20 Wend. 260; *Shriver* v. *Shriver*, 86 N. Y. 575; *Wing* v. *Field*, 35 Hun, 617; Thomas on Mortgages [3d ed.], § 256.)

Schorr, the owner of the equity of redemption, was

dead when the foreclosure proceedings were instituted, and his heirs at law, the plaintiffs, so far as it appears, never heard of the suit or the sale and conveyance of the mortgaged property, and their present attitude is wholly opposed to the idea that they ever expressly or impliedly consented to the defendant's possession.

It seems to me that the case of *Howell* v. *Leavitt* (95 N. Y. 617) controls the decision here. In that case the owners of the equity of redemption were not made parties to a suit in foreclosure and the judgment against them was enforced by a writ of assistance which put the mortgagee in possession. The court held that the possession of the mortgagee was without lawful authority and amounted to a trespass. *Deutsch* v. *Haab* (135 App. Div. 756) is to the same effect.

The plaintiffs seek to distinguish the case of *Howell* v. *Leavitt* (*supra*) from the case under consideration by the fact that in the former the owners of the equity of redemption were excluded from possession and the mortgagee was installed by means of a writ of assistance, but that is not a substantial difference. The judgment of foreclosure and the sale thereunder is binding upon the defendants in the action and they are bound to comply therewith whether or not a writ of assistance is issued. . It cannot be said that by yielding up possession of the premises sold under the judgment, without awaiting the issuance of the writ, the defendants waive any of their rights.

It may be that if some lienor claiming subsequent to the mortgage were here complaining of the defective foreclosure, or alleging that he had not been served with process, the court would require him to redeem and would regard the purchaser in possession under the foreclosure sale as a mortgagee in possession. But in a case like this where the owners of the equity of redemption have not been served and they are complaining, it would be unjust to say that their only remedy against the purchaser is an

action for an accounting and for permission to redeem the premises from the mortgage. If that were the law, the mortgagee in most cases would only have to await a time when the mortgaged premises were temporarily unoccupied and enter peacefully thereon, and the mortgagor would then be limited to an action to redeem with all the burden of attack and of proof resting upon him.

No case cited by the defendant from the courts of this state goes to the extent of so holding. *Pell* v. *Ulmar* (18 N. Y. 139, 142), the defendant's first case, was an action depending on the statute in relation to the United States deposit fund, and it construed only the rights of a mortgagor under that statute. But the court, referring to the nature of the equity of redemption at common law, said: "If, however, the mortgagee obtains possession without force, he is entitled  *  *  *  to hold it against the mortgagor." *Winslow* v. *Clark* (47 N. Y. 261), also cited by the defendant, was an action by an assignee in bankruptcy of the mortgagor, who had not been served in an action to foreclose the mortgage upon the bankrupt's property. The defendant claimed under the purchaser on the sale in the defective foreclosure proceedings and the action was to compel him to convey the property to the plaintiff, the assignee in bankruptcy. The court held that he could not recover and that the complaint should be dismissed, adding the remark that the defendant was a mortgagee in possession and the proper action was one to redeem from the mortgage. *Miner* v. *Beekman* (50 N. Y. 337) was an action by the owner of the equity of redemption, who had not been made a party to a foreclosure suit against the grantee of a purchaser at the sale in foreclosure, to redeem the property. The court held that the action was barred by the general ten-year Statute of Limitations (Code of Civil Procedure, § 388) and was not within the twenty-year statute relating to actions brought to recover possession of real estate. *Hubbell* v. *Sibley* (50 N. Y. 468) was a similar action, and a like result was reached. *Townshend*

v. *Thomson* (139 N. Y. 152), the last case cited by the defendant, was an action of ejectment by an assignee in bankruptcy of the owner of the equity of redemption, against the purchaser at a foreclosure sale, defective because the assignee was not made a party. The court rendered judgment for the defendant. It clearly appeared from the opinion in that case that the defendant had entered into possession with the acquiescence of the assignee in bankruptcy. In the case of *Howell* v. *Leavitt* (*supra*) it is said of these decisions and others of a like character: "In most of the cases which have upheld the right of the mortgagee, his possession was obtained with the consent, express or implied, of the owner of the land, although in some of them the mode of acquiring possession did not distinctly appear, and in many the rule is stated quite broadly and with little of restriction or limitation." (p. 621.) The cases cited by the defendant fall short of sustaining its claim.

The plaintiff urged that the defendant's second defense is defective because it contains no denial of the allegations in the complaint that "the plaintiffs are lawfully seized as owners in fee simple and are entitled to the immediate possession of the premises " sought to be recovered. But the record does not contain the whole answer. It contains only the second defense against which the demurrer is aimed. A denial of any of the allegations of the complaint would not be looked for in the part of the answer containing an affirmative defense. We do not say that a denial is necessary, but, for all the record shows, there may be one in some other part of the answer controverting the allegations of the complaint referred to.

Within the principle of *Howell* v. *Leavitt* (*supra*) the entry of the defendant upon the mortgaged premises was a trespass and nothing more, and the defendant did not thereby acquire the rights of a mortgagee in possession. The second defense is, therefore, insufficient.

I recommend that the judgment appealed from be reversed, with costs in all courts, and defendant's motion for judgment on the pleadings be denied.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment reversed, etc.