App. Div.]          Second Department, December, 1919.

EUGENE SMITH, Respondent, v. L. EDITH SMITH, Appellant.— Motion to dismiss appeal granted, with ten dollars costs. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

ERNEST M. TURNER, Respondent, v. GEORGE CONSTANTINE, Appellant.— Motion for stay granted on filing proof of service of motion papers upon plaintiff's attorney. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

ALBERT TURNER, Respondent, v. THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

AMOS D. CARVER and JOSEPH B. MORRELL, Respondents, v. MILLER & HOUGHTON, INC., Appellant, and Others, Defendants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

COMMISSIONER OF PUBLIC CHARITIES OF THE CITY OF NEW YORK, on the Complaint of NIMFA CATRINA, Respondent, v. LAWRENCE SALVATO, Appellant.— Order of filiation of the Court of Special Sessions affirmed. No opinion. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

FLORENCE EMANUEL, Respondent, v. ARMAND EMANUEL, Appellant.— Counsel fees are proper to enable plaintiff to defend herself from charges of unfaithfulness made in defendant's affidavit. At this stage we are not to regard the new matter set up in the answer as conceded. Under Code of Civil Procedure, section 522, such new matter is to be " deemed controverted * * * by traverse or avoidance." Order affirmed, with ten dollars costs and disbursements. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

VALENTINA ERNST (Formerly VALENTINA LANGE), Respondent, v. HERMAN LANGE and Others, Appellants, Impleaded with Others, Defendants.— Judgment of the County Court of Queens county affirmed, with costs. At the date of the assignment of the bond and mortgage to Mrs. Lange, the life tenant, the debt and the collateral mortgage were valid and outstanding. Her intention that there should be no extinguishment of the debt appears upon the face of the assignment. Down to the date of her assignment of the bond and mortgage to plaintiff in 1907, she was a mortgagee in possession, and the Statute of Limitations did not run against the debt. (*Cherrington* v. *South Brooklyn Railway Co.*, 180 App. Div. 659, 665, citing *Becker* v. *McCrea*, 149 id. 211, 214; affd., 214 N. Y. 632; *Carlin* v. *Bruhl*, 188 App. Div. 216.) When the life tenant assigned the bond and mortgage to plaintiff, the debt was still unpaid and the mortgage was still valid and outstanding, and there was express declaration against merger. The foreclosure action was commenced in 1916. We are of opinion, therefore, that the defense of the Statute of Limitations was not made out. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

HENRY FRANKLIN, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ.