OSTFRIESLAND REALTY COMPANY, INC., Respondent, v. RUBERG REALTY COMPANY, INC., Appellant, and Others, Defendants.— Judgment of foreclosure and sale unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.

CHARLES PFEIL, Appellant, v. AUGUST C. HASSELBUSH and EDWARD C. TINKER, Respondents.— Order denying plaintiff's motion to strike out paragraph 2 of the amended answer and to strike out the defendants' entire amended answer and for summary judgment affirmed, with ten dollars costs and disbursements. The undertaking on appeal, given pursuant to section 598 of the Civil Practice Act, is to be read in the light of section 1083-a of the Civil Practice Act, which last-mentioned section is invoked in the paragraph of the answer sought to be struck out by the plaintiff. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Respondent, v. TUDDINGTON HOLDING CORPORATION, Appellant, and Others, Defendants.— Order in so far as appealed from, granting plaintiff's motion for summary judgment in a foreclosure action, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The record discloses questions of fact as to the propriety of and authority for many of the expenditures for which plaintiff seeks credit. The agreement assigning the rents and giving plaintiff possession makes no provision for expenditures for repairs or other items necessary for the upkeep and preservation of the property. In the absence of such provision the account between the mortgagor and mortgagee must be determined upon equitable principles. For instance, when premises can be made to yield a pecuniary income the mortgagee may be charged with the loss of any rentals he might have received if the loss be due to his fraud or negligence. He is also entitled to be reimbursed for repairs necessary to produce an income, but such repairs ordinarily are permissible only when " in the nature of current renovation " or when " necessary for the upkeep of the property " or when necessary " to secure tenants." He is not entitled to make any charge for his own services, which ordinarily are regarded as bestowed either gratuitously or for his own benefit. (*Mickles* v. *Dillaye*, 17 N. Y. 80; *Hubbell* v. *Moulson*, 53 id. 225; *Gordon* v. *Krellman*, 207 App. Div. 773; *Green* v. *Lamb*, 24 Hun, 87; *Blunt* v. *Syms*, 40 id. 566.) All these rules merely serve as a guide in determining what items a mortgagee in possession, in the absence of a definite agreement, may properly charge against the income. But they are not exclusive, unalterable or inflexible and they may be changed or enlarged whenever the equities between the parties require it. (*Madison Av. Bap. Ch.* v. *Oliver St. Bap. Ch.*, 73 N. Y. 82.) The record also discloses a question of fact as to whether plaintiff's possession after November 1, 1934, was pursuant to the terms of the agreement of November 22, 1932. (*Gordon* v. *Krellman, supra.*) If it were, then the notice required by that agreement was a condition precedent to the commencement of the action. Moreover, the appealing defendant's answer sets forth a counterclaim for an accounting. According to the record, no reply thereto has been served by plaintiff and it is in default. Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ., concur.