■ GASCO CORP. & GORDIAN GROUP OF HONG KONG, INC., Respondent, v TOSCO PROPERTIES LTD. et al., Defendants, and NASRAMI REALTY Co. et al., Appellants. [653 NYS2d 687] —In a mortgage foreclosure action, the defendant Nasrami Realty Co., and Steeplechase Realty Corp., assignee of the defendant Federal Deposit Insurance Corp., separately appeal from an order and judgment (one paper) of foreclosure and sale of the Supreme Court, Queens County (Posner, J.), dated December 22, 1995, which, *inter alia,* granted the motion by Bankers Federal Savings FSB f/k/a Bankers Federal Savings and Loan Association to confirm the Referee's amended report dated June 14, 1995.

Ordered that on the Court's own motion, and on the stipulation of the parties, the caption of the action is amended to reflect the substitution of Gasco Corp. & Gordian Group of

Hong Kong, Inc., for Bankers Federal Savings FSB f/k/a Bankers Federal Savings and Loan Association; and it is further,

Ordered that the order and judgment is reversed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the recomputation of the amount owed by Nasrami Realty Co., taking into consideration the appellants' claims of delay and mismanagement.

In November 1985 the defendant Tosco Properties Ltd. (hereinafter Tosco) obtained a $650,000 loan from the plaintiff's predecessor-in-interest, Bankers Federal Savings FSB f/k/a Bankers Federal Savings and Loan Association (hereinafter Bankers). As security, Tosco executed a mortgage on the premises. Tosco also executed a collateral assignment of rents agreement in favor of Bankers. Subsequently, Tosco conveyed the premises to the appellant Nasrami Realty Co. (hereinafter Nasrami), which took the property subject to the mortgage, but did not assume the mortgage. Thereafter, Nasrami obtained a second-mortgage loan from Capital National Bank (hereinafter Capital). The Federal Deposit Insurance Corporation, the receiver of Capital, assigned Capital's second mortgage to the appellant Steeplechase Realty Corp. (hereinafter Steeplechase). When a default occurred in the payment of the first mortgage in June 1991 Bankers commenced an action to foreclose the mortgage, and also took possession of the premises. Although the foreclosure action was not opposed by any of the defendants, Bankers did not obtain the order and judgment of foreclosure and sale until December 22, 1995.

Contrary to the Supreme Court's conclusions, both Nasrami and Steeplechase have standing to challenge the alleged delay by Bankers in completing the foreclosure action and its alleged mismanagement of the premises. The right of Bankers to take possession of the mortgaged premises upon default in payment derived not from the mortgage but from paragraph B (2) of the Collateral Lease Assignment, which provided, in pertinent part, that "[u]pon or at any time after default in the payment of any indebtedness secured hereby or in the performance of any obligation, covenant or agreement herein, or in said mortgages, as consolidated * * * the Assignee, without in any way waiving such default, may at its option, take possession of the mortgaged premises". By its terms, this assignment was binding upon and inured to the benefit of Nasrami as owner. Since Bankers became a mortgagee in possession pursuant to the exercise of its rights under the assignment, and the assignment, *inter alia,* "inure[d] to the benefit of * * * any owner of the mortgaged premises", Nasrami, as the owner of the prop-

erty, had standing to raise the issues of delay and mismanagement.

As the holder of the second mortgage on the premises, Steeplechase also has standing to oppose confirmation of the Referee's amended report. "An absolute assignment of a bond and mortgage transfers to the assignee all rights theretofore conferred upon the assignor-mortgagee to enforce the bond and mortgage" (78 NY Jur 2d, Mortgages & Deeds of Trust, § 270, at 101). Nor was the right of Steeplechase to raise the issues of delay and mismanagement extinguished because its assignor, FDIC, failed to oppose the Referee's initial report, which, in any event, did not provide any detailed information upon which a well-founded opposition could be based.

The Supreme Court erred by equating a mortgagee in possession with a court-appointed receiver. Here, no receiver was ever appointed. Although there is a similarity between a mortgagee in possession and a court-appointed receiver of rents and profits, there is a fundamental difference between the two (*see, Mortimer v East Side Sav. Bank,* 251 App Div 97). "The mortgagee in possession takes the rents and profits in the *quasi* character of trustee or bailiff of the mortgagor. * * * They are applied in equity as an equitable set off to the amount due on the mortgage debt * * * So he may be charged with rents and profits he might have received, if his failure to recover them is attributable to his fraud or willful default" (*Hubbell v Moulson,* 53 NY 225, 228, 229; *see also, Aetna Life Ins. Co. v Avalon Orchards,* 118 AD2d 297).

At bar, paragraph B (2) of the Collateral Lease Assignment provided, in pertinent part, that upon taking possession of the premises, Bankers was to "have, hold, manage, *lease* and operate the same on such terms and for such period of time as the Assignee may deem proper" (emphasis added). Thus, Bankers, unlike a court-appointed receiver, had full power to lease vacant apartments after it took possession of the premises. Moreover, "when premises can be made to yield a pecuniary income, the mortgagee may be charged with the loss of any rentals he might have received if the loss be due to his fraud or negligence" (*Phoenix Mut. Life Ins. Co. v Tuddington Holding Corp.,* 249 App Div 766; *see also, Aetna Life Ins. Co. v Avalon Orchards, supra,* at 300-301). It is also well settled that a debtor may not be held responsible if the delay in completing the foreclosure action was due to the plaintiff's failure to expedite the action (*see, Dollar Fed. Sav. & Loan Assn. v Herbert Kallen, Inc.,* 91 AD2d 601).

Contrary to Bankers' contentions, paragraph B (3) of the Col-

lateral Lease Assignment is not an unconditional indemnification clause in its favor. Clearly, the clause is intended to exonerate Bankers, as assignee in possession, for its failure to perform any obligation owed by Nasrami, pursuant to the leases, to the tenants in the premises. The clause does not exonerate Bankers from its own negligent or intentional conduct which results in inflation of the debt owed under the mortgage. A mortgagor is entitled to be charged only with the amount actually due on the mortgage and not the amount which the mortgagee asserts is due when it takes a judgment (*see, Osinoff v Gert Realty Corp.,* 233 App Div 266, *mod* 260 NY 36). Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.