■ EDWARD LaPLACA, Appellant, v BRIAN A. SCHELL et al., Respondents. [892 NYS2d 244]—

Spain, J.

In April 1991, defendants purchased a 10-acre parcel of land from Joseph Clark and Colleen Clark, assumed the Clarks' outstanding note and mortgage, and began making payments to Calvin Ayers, Jr. and Ann Marie Ayers, who were the Clarks'

mortgagees. In 1994, defendants agreed to convey approximately five acres of the property to plaintiff in exchange for plaintiff's payment of $11,000 to the Ayers' on defendants' behalf to satisfy the mortgage. Upon receipt of the funds from plaintiff, the Ayers' assigned the mortgage to plaintiff by instrument recorded in June 1994, and also issued a satisfaction of mortgage to defendants. The satisfaction predated the assignment, and was not recorded until over six years later, in December 2000.

Plaintiff testified that the parties had agreed that once defendants subdivided the parcel, they would give plaintiff the deed to the five acres in exchange for his release from their mortgage. However, according to plaintiff, because defendants were in bankruptcy and did not want to subdivide the property at that point, the exchange was postponed. Plaintiff nevertheless treated the five-acre property as his own, with no objection from defendants. He immediately began making improvements to the property, maintained insurance on it and, at times, occupied or rented it to various tenants.

Defendants never executed a deed conveying title of the five-acre parcel to plaintiff. Plaintiff never demanded that defendants make payments on the mortgage, nor did defendants ever make any. In 2006, plaintiff commenced this action seeking a judgment of foreclosure and the sale of the property. Following a bench trial, Supreme Court dismissed the complaint as time-barred, prompting this appeal by plaintiff. We now reverse.

An action to foreclose on a mortgage is generally governed by a six-year statute of limitations (see CPLR 213 [4]). The mortgage at issue, as assigned to plaintiff, required defendants to make monthly payments, with the last payment due on September 1, 1996. Accordingly, the six-year limitations period expired prior to plaintiff's commencement of this action in 2006. However, the statute of limitations will not run against a mortgagee in possession, the theory being that the mortgagor's acquiescence to that possession is a continuing acknowledgment of the debt (see Holman v Newton, 275 App Div 513, 517 [1949]; Becker v McCrea, 149 App Div 211, 214-215 [1912], affd 214 NY 632 [1915]; 78 NY Jur 2d, Mortgages and Deeds of Trust § 470). Here, Supreme Court's finding that plaintiff is a mortgagee in possession is supported by record evidence. Plaintiff demonstrated consistent possession of one half of the subject property through his actual occupancy for several years, the time he spent making improvements, his use for storage related to his business and by renting it to others. Indeed, at the time this action was commenced, a tenant residing on the property was paying rent to plaintiff.

We are unpersuaded by defendants' argument that, despite the tolling of the statute of limitations, plaintiff's right to bring a foreclosure action nevertheless terminated 10 years after he took possession. CPLR 212 (c) imposes a conditional 10-year limitations period on a mortgagor's right to redeem, but does not address at all a mortgagee's right to foreclose. Although defendants argue that the statute nevertheless operates to limit a foreclosure action (*see* Bowmar, Mortgage Liens in New York § 16:2 [2d ed]), research reveals no case law which has adopted this reciprocal view of limitations. Thus, as no statute or case law exists to support the proposition, we decline to construe CPLR 212 (c) in such a way to limit plaintiff's right to commence this action. Accordingly—making no determination as to the ultimate viability of plaintiff's claims—we hold that his action is not barred by the statute of limitations and remit the matter to Supreme Court for a full determination on the merits.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.