Wilmington Sav. Fund Socy., FSB v Alam (2020 NY Slip Op 04999)





Wilmington Sav. Fund Socy., FSB v Alam


2020 NY Slip Op 04999


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-13123
 (Index No. 509620/16)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant,
v
Nurul Alam, etc., respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 17, 2018. The order, insofar as appealed from, granted the cross motion of the defendant Nurul Alam, in effect, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). " The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 37). "The acceleration of a mortgage debt may occur when the holder of the note commences an action to foreclose upon [the] note and mortgage and seeks, in the complaint, payment of the full balance due'" (21st Mtge. Corp. v Balliraj, 177 AD3d 687, 688, quoting Milone v US Bank N.A., 164 AD3d 145, 152).
Here, in support of his cross motion, the defendant Nurul Alam established that the six-year statute of limitations began to run on the entire mortgage debt on July 28, 2009, when the plaintiff's predecessor in interest commenced a prior foreclosure action against, among others, Alam, which was dismissed as abandoned pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 773; Bank of N.Y. Mellon v Alli, 175 AD3d 1472, 1473; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Since the plaintiff did not commence the instant foreclosure action until June 7, 2016, which was more than six years after acceleration of the debt, Alam met his initial burden of demonstrating, prima facie, that the instant action was untimely (see Ditech Fin., LLC v Naidu, 175 AD3d 1387, 1389, lv granted 34 NY3d 910; HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030-1031; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633, lv granted in part 33 NY3d 1039). In opposition, the plaintiff failed to raise a triable issue of fact (see Bank of N.Y. Mellon v Alli, 175 AD3d at 1474; Bank of N.Y. Mellon v Dieudonne, 171 AD3d at 39; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935-936).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant Alam's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court