U.S. Bank Trust, N.A. v Yozzo (2021 NY Slip Op 06388)





U.S. Bank Trust, N.A. v Yozzo


2021 NY Slip Op 06388


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-10547 
2020-00485
 (Index No. 53384/18)

[*1]U.S. Bank Trust, N.A., etc., appellant,
v
Donna M. Yozzo, et al., respondents, et al., defendants.


Day Pitney LLP, New York, NY (Christina A. Livorsi, Richard J. Galati, Jr., and Alfred W. J. Marks of counsel), for appellant.
Clair & Gjertsen, White Plains, NY (Mary Aufrecht of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated August 27, 2019, and (2) an order of the same court dated November 18, 2019. The order dated August 27, 2019, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Donna M. Yozzo and John C. Yozzo and for an order of reference, and granted that branch of the unopposed cross motion of the defendant Donna M. Yozzo which was for summary judgment dismissing the complaint insofar as asserted against the defendants Donna M. Yozzo and John C. Yozzo. The order dated November 18, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate so much of the order dated August 27, 2019, as granted that branch of the unopposed cross motion of the defendant Donna M. Yozzo which was for summary judgment dismissing the complaint insofar as asserted against the defendants Donna M. Yozzo and John C. Yozzo.
ORDERED that the appeal from so much of the order dated August 27, 2019, as granted that branch of the unopposed cross motion of the defendant Donna M. Yozzo which was for summary judgment dismissing the complaint insofar as asserted against the defendants Donna M. Yozzo and John C. Yozzo is dismissed, as no appeal lies from a portion of an order that was entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated August 27, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated November 18, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Donna M. Yozzo and John C. Yozzo.
In November 2005, the defendant Donna M. Yozzo executed a note in the sum of [*2]$411,988 in favor of Countrywide Home Loans, Inc., which was secured by a mortgage against certain real property owned by Donna and the defendant John C. Yozzo (hereinafter together the defendants). In March 2010, BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP, commenced an action against, among others, the defendants to foreclose the mortgage (hereinafter the prior action). In an order dated May 8, 2012, the Supreme Court directed dismissal of the complaint in the prior action as abandoned pursuant to CPLR 3215(c).
In October 2018, the plaintiff commenced this action against, among others, the defendants to foreclose the mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. Donna cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against the defendants as time-barred. The plaintiff did not timely oppose the cross motion. In an order dated August 27, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and granted that branch of Donna's cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants as time-barred. The plaintiff then moved pursuant to CPLR 5015(a) to vacate the order dated August 27, 2019. In an order dated November 18, 2019, the court, among other things, denied that branch of the plaintiff's motion which was to vacate so much of the order dated August 27, 2019, as granted that branch of Donna's cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals.
"A party moving pursuant to CPLR 5015(a)(1) to vacate a default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Finamore v David Ullman, P.C., 179 AD3d 642, 643). On appeal, the defendants do not contest the Supreme Court's determination that the plaintiff established a reasonable excuse for its default in opposing Donna's cross motion.
Donna established, prima facie, that the six-year statute of limitations (see CPLR 213[4]) began to run in March 2010 when the plaintiff's predecessor in interest commenced the prior action to foreclose the mortgage, and that the plaintiff did not commence this action until October 2018, which was more than six years after the acceleration of the debt (see Wilmington Sav. Fund Socy., FSB v Alam, 186 AD3d 1464, 1465). Contrary to the plaintiff's contention, it failed to present a potentially meritorious opposition as to whether the statute of limitations was tolled because it was a mortgagee in possession (see Wells Fargo Bank, N.A. v Liburd, 176 AD3d 464, 465).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate so much of the order dated August 27, 2019, as granted that branch of Donna's cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants as time-barred.
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court