Mardenborough v U.S. Bank N.A. (2022 NY Slip Op 00034)





Mardenborough v U.S. Bank N.A.


2022 NY Slip Op 00034


Decided on January 5, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-01589
2018-01590
 (Index No. 52290/16)

[*1]Adina N. Mardenborough, appellant, 
v
U.S. Bank National Association, etc., respondent. Clair & Gjersten, White Plains, NY (Ira S. Clair of counsel), for appellant.


Blank Rome LLP, New York, NY (Jonathan M. Robbin and Andrea M. Roberts of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from two orders of the Supreme Court, Westchester County (Charles D. Wood, J.), both dated December 14, 2017. The first order dated December 14, 2017, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference, and denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint, and pursuant to CPLR 3211(a) to dismiss the counterclaim to foreclose the mortgage as time-barred. The second order dated December 14, 2017, insofar as appealed from, granted the same relief to the defendant and appointed a referee to compute the amount due to the defendant.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, those branches of the defendant's motion which were for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference are denied, and those branches of the plaintiff's cross motion which were for summary judgment on the complaint, and pursuant to CPLR 3211(a) to dismiss the counterclaim to foreclose the mortgage as time-barred are granted.
The plaintiff executed a note and mortgage in 2007, and thereafter defaulted in repayment. On January 8, 2010, an action to foreclose the mortgage was commenced, wherein the noteholder elected "to call due the entire amount secured by the mortgage." That action was dismissed on November 14, 2012. Thereafter, U.S. Bank National Association (hereinafter U.S. Bank), as current holder of the mortgage, commenced a second foreclosure action on May 20, 2013. That action was dismissed in July 2015 for failure to prosecute.
On February 24, 2016, the plaintiff commenced the instant action pursuant to RPAPL 1501(4) against U.S. Bank to cancel and discharge of record the mortgage on the ground that the statute of limitations for commencement of a mortgage foreclosure action has expired. U.S. Bank served an answer with affirmative defenses and counterclaims, alleging, inter alia, that the plaintiff abandoned the subject property and that it had been "in possession and control" of the property since September 2013, and that the statute of limitations was tolled for the period that U.S. Bank was in [*2]possession and control of the property. U.S. Bank asserted counterclaims to, among other things, foreclose the mortgage. The plaintiff replied to the counterclaims, asserting as an affirmative defense, inter alia, that the foreclosure action was time-barred since the mortgage debt was accelerated no later than January 2010.
U.S. Bank moved, inter alia, for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference. The plaintiff opposed the motion and cross-moved, among other things, for summary judgment on the complaint, and pursuant to CPLR 3211(a) to dismiss U.S. Bank's counterclaim to foreclose the mortgage as time-barred. In an order dated December 14, 2017, the Supreme Court, inter alia, granted those branches of U.S. Bank's motion, and denied those branches of the plaintiff's cross motion. In a second order, also dated December 14, 2017, the court, among other things, granted the same relief to U.S. Bank and appointed a referee to compute the amount due to U.S. Bank. The plaintiff appeals from both orders. We reverse both orders insofar as appealed from.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Lubonty v U.S. Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 31-32; Milone v U.S. Bank N.A., 164 AD3d 145, 152).
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage had expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced" (Lubonty v U.S. Bank N.A., 159 AD3d at 963; see RPAPL 1501[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 987).
In its motion, U.S. Bank contended it was a "mortgagee in possession" of the property so as to toll the statute of limitations on its counterclaim to foreclose the mortgage (see RPAPL 1501[4]; LaPlaca v Schell, 68 AD3d 1478, 1479-1480; Holman v Newton, 275 App Div 513, 517; Ernst v Lange, 190 App Div 917, 917; see also Gonzalez v Demasters, 252 AD2d 540, 540), and to defeat the plaintiff's cause of action under RPAPL 1501(4). In her cross motion and in opposition to the defendant's motion, the plaintiff contended, inter alia, that the mortgage debt was accelerated on January 8, 2010, and, thus, the six-year statute of limitations (see CPLR 213[4]) for an action to foreclose the mortgage had expired by the time the instant action was commenced on February 24, 2016 (see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 987).
Here, the plaintiff established, prima facie, that the acceleration of the full amount of the subject debt occurred on January 8, 2010, when U.S. Bank's predecessor in interest elected "to call due the entire amount secured by the mortgage," and that, as of the commencement of this action, any new foreclosure action would be time-barred by the applicable six-year statute of limitations (see Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989, 990-991).
In opposition, U.S. Bank failed to raise a question of fact as to whether the statute of limitations was tolled on the ground that it was a "mortgagee in possession" of the mortgaged property. By definition, a mortgagee in possession is "[a] mortgagee who takes control of mortgaged land by agreement with the mortgagor, usu[ally] upon default of the loan secured by the mortgage" (Black's Law Dictionary [11th ed 2019], mortgagee in possession). A mortgagee may become a mortgagee in possession where the mortgage itself gives the mortgagee the right to enter and "take possession of the mortgaged premises and receive the rents and profits" (Gomez v Bobker, 124 AD2d 703, 704; see e.g. Gasco Corp. & Gordian Group of Hong Kong v Tosco Props., 236 AD2d 510). [*3]A mortgagee in possession "takes the rents and profits in the quasi character of trustee or bailiff of the mortgagor" (Gasco Corp. & Gordian Group of Hong Kong v Tosco Props., 236 AD2d at 512 [internal quotation marks omitted]).
"[A] mortgagee cannot be in possession without consent of the mortgagor" (Hoye v Theresa, 134 App Div 255, 256; see Gordon v Krellman, 207 App Div 773). "In order to acquire the rights of a mortgagee in possession it [is] necessary for the [party claiming such status] to show that it had entered with the mortgagor's consent, or had otherwise entered lawfully" (Herrmann v Cabinet Land Co., 217 NY 526, 528).
The statute of limitations will not run against a "mortgagee in possession" since the mortgagor's consent to that possession is a continuing acknowledgment of the debt (LaPlaca v Schell, 68 AD3d at 1479-1480; see Ernst v Lange, 190 App Div at 917).
In support of its claim that it was a mortgagee in possession, U.S. Bank submitted evidence showing that its loan servicer employed a company to inspect the property at somewhat regular intervals from July 2012 to April 2016 to determine whether the property was in need of repairs or maintenance, and that it had performed various repairs and maintenance including, among other things, installing padlocks, removing debris and garbage, landscaping, and winterizing. Additionally, U.S. Bank paid insurance and taxes for the property.
In entering the property, making inspections, and performing maintenance and repair, U.S. Bank relies upon paragraph nine of the mortgage, which is entitled "Lender's Right to Protect Its Rights in the Property." Paragraph nine provides, in pertinent part, that in the event that the borrower abandons the property, the lender may "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and Lender's rights." The lender may, among other things, enter the property to secure and make repairs, change locks, replace or board up doors and windows, drain water from pipes, and remediate dangerous conditions. Paragraph nine permits the lender to pay sums to eliminate liens and turn on utilities.
Critically, however, paragraph nine also states that the lender is "under no duty" to take any such measures, and will not be liable for failing to take any or all such measures. Further, paragraph nine provides that, upon demand, the borrower must reimburse the lender for any expenditures made under that paragraph.
Contrary to U.S. Bank's contention, the mere fact that it took measures to protect its rights in the property under paragraph nine of the mortgage does not establish that the parties reached an agreement for U.S. Bank to take possession of the premises with all the rights and obligations that possession entails. Paragraph nine of the mortgage merely allows the mortgagee to take measures to protect its rights in the property (see Gasco Corp. & Gordian Group of Hong Kong v Tosco Props., 236 AD2d 510), but the exercise of those rights cannot be construed as the mortgagor's continuing acknowledgment of the debt so as to toll the statute of limitations.
U.S. Bank's reliance upon LaPlaca v Schell (68 AD3d 1478) for the proposition that it was a mortgagee in possession is misplaced. There, the mortgagee actually occupied the premises for several years, used the premises for storage related to his business, and rented the premises out to others and collected rent. In contrast, here, U.S. Bank merely exercised its rights under paragraph nine of the mortgage to conduct inspections, repair, and maintain the property while the mortgage foreclosure action was pending.
We disagree with our dissenting colleague that determining whether a mortgagee qualifies as a mortgagee in possession for purposes of tolling the statute of limitations requires "an analysis of the actions taken by the mortgagee to secure the property financially and physically." Rather, the determination only requires an analysis of whether the mortgagee took full possession of the property pursuant to an agreement with the mortgagor. Taking possession of the property means acquiring the benefits of possession, including the value of use, rents, and profits, as well as assuming all the legal duties and obligations that flow from possession. Paragraph nine of the [*4]mortgage cannot be construed as giving the mortgagee the full rights and obligations of possession in the property. Indeed, the steps taken by the mortgagee to secure the property under paragraph nine are akin to those that are legally required of mortgagees under RPAPL 1308. RPAPL 1308, as pertinent here, requires, inter alia, mortgagees to inspect property to determine if vacant, and, if so, to, inter alia, change a lock to obtain access, remediate nuisances, and winterize the property. A mortgagee's compliance with RPAPL 1308 does not render it a mortgagee in possession for purposes of tolling the statute of limitations (see U.S. Bank Trust, N.A. v Yozzo, 199 AD3d 962). Indeed, a mortgagee seeking to possess property held by a defaulting mortgagor as a remedy may proceed expeditiously in a mortgage foreclosure action.
Given that U.S. Bank was not entitled to a toll as a mortgagee in possession, and that the six-year statute of limitations expired by the time the instant action was commenced, the Supreme Court should have denied those branches of U.S. Bank's motion which were for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint, and pursuant to CPLR 3211(a) to dismiss the counterclaim to foreclose the mortgage as time-barred.
In light of the foregoing, the parties' remaining contentions need not be reached.
DUFFY, BARROS and WOOTEN, JJ., concur.
AUSTIN, J.P., concurs in part and dissents in part, and votes to modify the first order dated December 14, 2017, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference, and substituting therefor a provision denying those branches of the motion, and, as so modified, to affirm the first order dated December 14, 2017, insofar as appealed from, and to reverse the second order dated December 14, 2017, insofar as appealed from, on the law, with the following memorandum:
I respectfully disagree with the majority's determination that the defendant, U.S. Bank National Association (hereinafter U.S. Bank), failed to establish, as a matter of law, that it was a mortgagee in possession of the subject property so as to toll the statute of limitations during the time period that it took possession of the mortgaged property. In my view, U.S. Bank met its prima facie burden on its motion for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage while the plaintiff raised a triable issue of fact in opposition.
In June 2007, the plaintiff executed a note in the sum of $581,000 in favor of Greenlight Financial Services, Inc., which was secured by a mortgage on certain real property in Mount Vernon. The plaintiff defaulted in making the payment due on November 1, 2008, and all payments due thereafter.
As a result, in January 2010, an action was commenced against the plaintiff, among others, to foreclose the mortgage (hereinafter the 2010 action). The 2010 action was dismissed on November 14, 2012.
Subsequently, in May 2013, U.S. Bank commenced a second action against the plaintiff, among others, to foreclose the mortgage (hereinafter the 2013 action). By order dated July 28, 2015, the Supreme Court directed dismissal of the 2013 action.
Thereafter, in February 2016, the plaintiff commenced this action pursuant to RPAPL 1501(4) against U.S. Bank to cancel and discharge of record the mortgage. In answering the complaint, U.S. Bank interposed affirmative defenses and counterclaims alleging, inter alia, that the plaintiff had abandoned the property so that it had been "in possession and control" since September 2013. As a result, U.S. Bank alleged that the applicable statute of limitations to commence a mortgage foreclosure action was tolled. In reply to the counterclaims, the plaintiff interposed an affirmative defense alleging, among other things, that the mortgage was accelerated no later than [*5]January 2010.
U.S. Bank moved, inter alia, for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference. In addition to opposing U.S. Bank's motion, the plaintiff cross-moved, among other things, for summary judgment on the complaint, and pursuant to CPLR 3211(a) to dismiss U.S. Bank's counterclaim to foreclose the mortgage. In an order dated December 14, 2017, the Supreme Court, inter alia, granted those branches of U.S. Bank's motion, and denied those branches of the plaintiff's cross motion. In a second order, also dated December 14, 2017, the court, among other things, granted the same relief to U.S. Bank and appointed a referee to compute the amount due to U.S. Bank.
I agree with my colleagues that the Supreme Court should not have granted those branches of U.S. Bank's motion which were for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference. However, my colleagues' opinion with respect to the evidence that is necessary to prove that U.S. Bank is a mortgagee in possession is problematic. I acknowledge, as noted by the majority, that a mortgagee "cannot be in possession without consent of the mortgagor" (Hoye v Bridgewater, 134 App Div 255, 256) and that "[i]n order to acquire the rights of a mortgagee in possession it [is] necessary for the defendant to show that it had entered with the mortgagor's consent, or had otherwise entered lawfully" (Herrmann v Cabinet Land Co., 217 NY 526, 528; see Gordon v Krellman, 207 App Div 773). My view of the prevailing case law diverges from that of my colleagues concerning their holding that a mortgagee cannot be considered to be in possession of a property unless it collects rents and profits from the property.
The right to collect rents and profits from the property to pay the mortgagor's debt is one granted to the mortgagee pursuant to the terms of the mortgage itself. Collecting rents and profits is not, however, a sine qua non that a mortgagee must meet in order to be considered in lawful possession. Under the terms of paragraph nine of the mortgage, it can be one factor—not the controlling factor—that may be considered by the court when determining if an entity is a mortgagee in possession. If the majority's analysis is correct, it would be virtually impossible for a residential lender to be a mortgagee in possession since there are no rents or profits to collect.
Here, under the circumstances of this case, it would be unreasonable to require U.S. Bank, as a mortgagee, to collect rents or profits from a residential property that, for a time, was reportedly inhabited by squatters and had various issues that rendered the property uninhabitable and unmarketable. This property is unlike the properties addressed in Gomez v Bobker (124 AD2d 703) and Gasco Corp. & Gordian Group of Hong Kong v Tosco Props. (236 AD2d 510), cited by the majority, inasmuch as those cases dealt with apartment buildings, while the mortgaged property here is residential, not an income-producing property.
U.S. Bank submitted unrefuted evidence, through the affidavit of a senior loan analyst of its loan servicer and other documentary evidence, demonstrating that, when U.S. Bank took possession of the property, it changed locks; took measures to prevent entry to the property, not only by squatters but by the plaintiff herself, who abandoned it; winterized the property; removed debris and garbage from both inside and outside of the house, including hazardous waste and chemicals; remediated hazardous conditions; addressed a pest infestation and mold inside the house; cured property maintenance code violations; repaired water damage to the third floor; replaced a damaged window; performed regular landscaping maintenance by mowing the lawn and trimming the bushes, hedges, and trees; performed snow removal; and paid the taxes and insurance. Moreover, U.S. Bank demonstrated that it performed regular inspections of the property, along with inspections following several severe weather incidents. The record is clear that there were no rents and profits to collect on this residential property. Therefore, the fact that U.S. Bank did not collect any rents or profits from this non-income producing, residential property should not, in and of itself, bar U.S. Bank from establishing its status as a mortgagee in possession. The recitation of these factors by the majority would lead one to question the nature and extent of the work done, the moneys advanced, and the plaintiff's acquiescence. Yet, the majority summarily, without citation to precedent, answers the question before a trier of fact has had the opportunity.
Further, it is clear that U.S. Bank "had entered with the mortgagor's consent, or had otherwise entered lawfully" by virtue of paragraph nine of the mortgage instrument (Herrmann v Cabinet Land Co., 217 NY at 528). Via this paragraph, the plaintiff gave her explicit consent to U.S. Bank to enter the property and protect its interest upon her abandonment of the property, which occurred in 2010. Paragraph nine, entitled "Lender's Right to Protect Its Rights in The Property," provided, in relevant part, that: "If: (a) [the mortgagor] do[es] not keep [his or her] promises and agreements made in this Security Instrument; . . . or (c) [the mortgagor] ha[s] abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and Lender's rights under this Security Instrument. Lender's actions may include, but are not limited to: (a) protecting and/or assessing the value of the Property; (b) securing and/or repairing the Property; (c) paying sums to eliminate any Lien against the Property that may be equal or superior to this Security Instrument; (d) appearing in court; and (e) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Lender can also enter the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, have utilities turned on or off, and take any other action to secure the Property. Although Lender may take action under this Section 9, Lender does not have to do so and is under no duty to do so" (emphasis added).
The majority downplays the significance of U.S. Bank's entry on to the subject property and its ongoing efforts to preserve and maintain the property as the mere exercise of its rights which was done at its option. Those rights are plainly included to protect the rights of the mortgagee and, ultimately, it is suggested, the mortgagor when the unchecked disrepair of the property could increase a deficiency judgment.
Simply put, the majority's view exalts form over substance. Being a mortgagee in possession entails more than just a title. The law does not mandate any specific acts, individually or in combination, which a mortgagee must perform to establish its status as a mortgagee in possession upon the mortgagor's abandonment of the property. Rather, it requires an analysis of the actions taken by the mortgagee to secure the property financially and physically. Here, paragraph nine of the mortgage instrument vests U.S. Bank with the rights of a mortgagee in possession even though it did not obligate U.S. Bank to act upon all of those rights. There can be no doubt but that when a mortgagee takes possession of a property to protect its rights, the court must examine all of the mortgagee's efforts to protect its security interest in, and the value of, the mortgaged property in ratifying its claimed status as a mortgagee in possession. Indeed, a mortgagee should not be punished because it does not act upon all of the rights granted to it by the mortgage instrument in order to secure its status of a mortgagee in possession, especially with regard to a residential property. Paragraph nine does not compel the mortgagee to perform any of the enumerated rights granted. However, when the mortgagee does so, with regard to an abandoned mortgaged property, those efforts cannot be ignored.
Further, although relied upon by the majority, RPAPL 1308, which addresses a lender's obligation to maintain an abandoned property, is not compelling inasmuch as its purpose was to prevent abandoned properties from falling into disrepair and harming neighboring properties. It does not address the status of the mortgagee which takes action to protect the property after its abandonment by the mortgagor.
Although U.S. Bank made a prima facie showing that it was a mortgagee in possession triggering a toll of the applicable statute of limitations, those branches of its motion which were for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference should nevertheless have been denied as the plaintiff raised a triable issue of fact in opposition. The plaintiff submitted an affidavit in which she averred that, during the period that U.S. Bank took possession of the property, she could not move back into the property due to various plumbing issues and the presence of squatters, but she claimed that she made plans for lawn maintenance and snow removal. She also stated that she had listed the property for sale from January 2010 until the plumbing system was damaged. Consequently, the plaintiff raised a triable issue of fact as to whether she truly abandoned the property and whether U.S. Bank [*6]was thus a mortgagee in possession (cf. U.S. Bank Trust, N.A. v Yozzo, 199 AD3d 962).
Accordingly, I vote to modify the first order dated December 14, 2017, insofar as appealed from, and deny those branches of U.S. Bank's motion which were for summary judgment dismissing the complaint and on its counterclaim to foreclose the mortgage, and for an order of reference, and to reverse the second order dated December 14, 2017, insofar as appealed from.
ENTER:
Maria T. Fasulo
Clerk of the Court